CHARLES J. SCAMMAN *v.* ARTHUR A. SONDHEIM & *a.* Ex'rs.

*George R. Scammon* for the plaintiff, filed no brief.

*Charles M. Dale* and *Ray E. Burkett* (*Mr. Burkett* orally), for the defendants.

*William H. Sleeper* and *Wayne J. Mullavey* (*Mr. Mullavey* orally), for the guardian of the minor legatees.

KENISON, J.  In the absence of special circumstances, it is the general rule that an executor or administrator is the only proper party to bring or defend actions relating to the personal estate of the deceased.  *Reynolds* v. *Kenney,* 87 N. H. 313, 314; *Mitchell* v. *Smith,* 90 N. H. 36, 41; *Champollion* v. *Corbin,* 71 N. H. 78.  "In contrast, heirs and legatees are not parties in interest, in the legal sense of the term, in a proceeding by or against the representative of the estate, any more than creditors.  The representative's authority is regulated by statute, and in general he is under judicial control instead of being under the direction of the heirs and legatees.  Except in cases where they in fact conduct litigation in his name, they are not parties to it through him, but are properly regarded as strangers."  *Niemi* v. *Railroad,* 87 N. H. 1, 5.  The above authorities support the ruling of the Trial Court that the guardian was not entitled to intervene in these proceedings as a matter of right.

Special circumstances exist in those cases where the personal representative of the estate fails or neglects to bring or defend an action relating to the personal estate, is guilty of fraud or collusion or has a conflicting or adverse interest in the estate.  *Bean* v. *Bean,* 71 N. H. 538; *Bean* v. *Bean,* 74 N. H. 404.  None of these factors exist in the present case.  The executors are willing and able to control the litigation and the record discloses no other special circumstances which would warrant intervention in behalf of the legatees.  See anno. 158 A. L. R. 729.

The right of a party to intervene in pending litigation in this state has been rather freely allowed as a matter of practice without the aid of statute permitting it.  *Carlton* v. *Patterson,* 29 N. H. 580, 586.  As early as 1828 practical intervention was accomplished in *Buckman* v. *Buckman,* 4 N. H. 319.  See 4 Moore, Federal Practice (1950) 13.  However, the right to intervene has been usually determined as a matter of discretion by the Trial Court.  *Parsons* v. *Eureka Powder Works,* 48 N. H. 66, 67.  Since the legatees may

protect their interests in the probate court and have recourse to the executors' bond, it cannot be said that the discretionary ruling in the present case is either erroneous or prejudicial. The orderly and expeditious settlement of estates (*Sullivan* v. *Marshall,* 93 N. H. 456, 458; *White* v. *Chaplin,* 84 N. H. 208, 210), may require undivided control of litigation by the personal representative and this is a factor to be considered in determining the right of third parties to intervene. As the legatees are not entitled to intervene as of right (*Mann* v. *Marshall,* 76 N. H. 162) and as there was no abuse of discretion in denying the right to intervene under the circumstances of this case, the order is

*Exceptions overruled.*

All concurred.