Grafton,
No. 4894.

RUSSELL COBURN, *Adm'r v.* BENJAMIN F. DYKE, SR.

Argued December 6, 1960.
Decided January 20, 1961.

*Edes & Hobbs* (*Mr. Edes* orally), for the plaintiffs Ruth C. Forbes and Russell D. Coburn.

*Mack M. Mussman* for the defendant.

KENISON, C. J.   The common-law concept that an administrator appointed in one state could not sue in another state and also had no power over personal property in another jurisdiction received uncritical acceptance in our early cases.   *Thompson* v. *Wilson,* 2 N. H. 291; *Taylor* v. *Barron,* 35 N. H. 484; McDowell, Foreign Personal Representatives, *pp.* 63, 77 (Michigan Legal Studies, 1957).   While this concept stated a general rule it was recognized that the "general rule is somewhat limited" (*Keenan* v. *Tonry,* 91 N. H. 220, 223) and various exceptions were developed in its application to particular situations.   Ehrenzweig, Conflict of Laws, s. 15 (Part 1, 1959); Note, The Capacity of Executors and Administrators to Sue in a Foreign Jurisdiction, 50 Colum. L. Rev. *p.* 518 (1950).   Thus, a foreign administrator was allowed to collect an asset of the estate if a voluntary payment was made by the debtor.   *Luce* v. *Railroad,* 63 N. H. 588.   Another exception permitted the domiciliary administrator in another jurisdiction to assign the note and the security for it to an assignee who could bring suit in this state.   *Gove* v. *Gove,* 64 N. H. 503, 505, which overruled *Thompson* v. *Wilson, supra,* and *Taylor* v. *Barron, supra,* and ignored a contrary dictum in *Heywood* v. *Hartshorn,* 55 N. H.

476 as well. See anno. 10 A. L. R. 276, 285. Another departure from the rule was *Ghilain* v. *Couture,* 84 N. H. 48, 51, in which a foreign domiciliary administrator was allowed to sue under our wrongful death statute without the necessity of the appointment of an ancillary administrator in this state.

The general rule of incapacity of foreign administrators to sue and collect personal assets of an estate has not only produced the exceptions to the rule previously mentioned but has been subject to steady attack by recent commentators. Ehrenzweig, Conflict of Laws, *s.* 14 (Part 1, 1959); Leflar, Conflict of Laws in 1957 Annual Survey of American Law, 49 (1958); McDowell, Foreign Personal Representatives, *c.* VI; Stimson, Conflict of Laws and the Administration of Decedents' Personal Property, 46 Va. L. Rev. 1345 (1960). Whatever may be said for or against the general rule we do not have to directly pass on it inasmuch as the administrator is no longer a party and the assignees bring themselves within one of the exceptions to the rule.

The record in this case clearly demonstrates that the Court was aware of the general rule as well as its exceptions as developed in this jurisdiction. *Gove* v. *Gove,* 64 N. H. 503 is adequate authority for permitting the domiciliary administrator to assign the claim to the heirs at law who were not hampered by procedural incapacity. This exception has a practical desirability even if it is subject to theoretical criticism. See Goodrich, Conflict of Laws (3d *ed.* 1949) *p.* 559; 3 Beale, Conflict of Laws 1512 (1935). The Court's allowance of the motion for substitution of parties plaintiff is not only supported by *Gove* v. *Gove, supra,* but by the practice that has been allowed in analogous situations. See *Swan* v. *Bill,* 95 N. H. 158, 161; *Upton* v. *White,* 92 N. H. 221, 227. As was pointed out in *Ghilain v. Couture,* 84 N. H. 48, 51, no "infrangible principle of the common law forbids it." The Court's ruling allowing the motion to substitute the assignees of the administrator as parties plaintiff and denying the defendant's motion to dismiss was correct.

*Exception overruled.*

All concurred.