THE WASHINGTON TRUST COMPANY *vs.* KENNETH DYER *et al.*

APRIL 24, 1964.

PRESENT: Condon, C. J., Roberts, Powers and Joslin, JJ.

CONDON, C. J. This is a bill in equity for the construction of the wills of Asa Lloyd Briggs and his wife Mildred E. Briggs. The cause was heard on bill, answers and oral proof in the superior court. Thereafter when it was ready for hearing for final decree that court, pursuant to G. L. 1956, §9-24-28, certified the cause here for our determination.

Mildred E. Briggs deceased on January 10, 1959. By the residuary clause Fifthly of her will, which we are appending hereto in part with the relevant portions thereof italicized, she created a trust of one half of the residue of her estate for the benefit of her husband. The trustees were directed to pay the income thereof to him during his lifetime and upon his death to convey the principal of the trust "unto such person or persons, corporation or corporations and in such shares or proportions as my said husband shall have appointed and, in default of a complete disposition by him

by appointment or as hereinafter provided, then on his death to convey" the principal in specified shares to certain individuals and organizations.

In a later paragraph of that clause the testatrix provided: "My said husband shall have full power to appoint the full capital of said trust, in whole or in part, during his lifetime and also to receive payment or delivery by my said Trustees from the capital of the trust of such sums of money or property as he may from time to time request, and his receipt for any such payment or delivery shall be a good and sufficient voucher for my said Trustees."

The respondents are Lloyd G. and Barbara L. Briggs, children of Asa Lloyd Briggs, Edward Dyer, Kenneth Dyer, Frank Dyer, Robert Eiler, William A. Eiler, and Westminster College of New Wilmington, Pennsylvania, and United Presbyterian Women's Association of North America, the individuals and organizations above referred to in the wife's will. The Eilers did not appear and the bill was taken against them pro confesso. The others duly appeared and filed answers in the superior court and briefed and argued in this court their respective contentions concerning the construction of the wills.

Asa Lloyd Briggs deceased on January 25, 1962. In the introductory clause of his will he declared his intention as follows: "* * * intending hereby to dispose of all the property, real and personal, of which I may have the right or power to dispose at the time of my death." By the residuary clause thereof he devised and bequeathed to his son Lloyd G. Briggs and his daughter Barbara L. Briggs in equal shares "All the rest, residue and remainder of my property and estate, real, personal, and mixed, including as well any I may acquire subsequent to the execution of this will as that of which I am now possessed, or to which I may be in any way entitled at the time of my decease, and wheresoever located * * *." These residuary legatees

were the testator's children by an earlier marriage. However, each received a specific bequest in their stepmother Mildred E. Briggs' will, and Lloyd G. was named a coexecutor thereof with his father and The Washington Trust Company.

The complainant trust company, being in doubt as to whether the will of Mildred E. Briggs created a power to appoint exercisable by will and if so whether Asa Lloyd Briggs by his testamentary language had validly exercised such power, brought the instant bill. The complainant states in its brief the questions raised by the bill as follows:

"1. Did the will of Mildred E. Briggs create a power in Asa Lloyd Briggs exercisable by his will?

"2. Did the last will and testament of Asa Lloyd Briggs, the donee of the power or powers of appointment under paragraph 'Fifthly' of the will of Mildred E. Briggs, exercise the power or powers of appointment therein contained so as to pass the trust property to either the residuary legatees named in the will of Asa Lloyd Briggs, that is: to his son, Lloyd Gimlich Briggs, and his daughter, Barbara Louise Briggs, or to the Estate of Asa Lloyd Briggs?

"3. Did either the introductory clause or the residuary clause of the last will and testament of Asa Lloyd Briggs validly exercise the power or powers of appointment contained in paragraph 'Fifthly' of the last will and testament of Mildred E. Briggs?"

Under a bill of this kind it is the will which is certified for construction and not specific questions. *Knowles* v. *South County Hospital,* 87 R. I. 303. However, the propounding of specific questions in the manner pursued here is often helpful to point up the precise area of doubt which the court is asked to resolve by its construction of the will. For this reason we are disposed to consider the questions propounded by complainant although quite properly they do not appear in the decree of certification. *Rhode Island Hospital Trust Co.* v. *Johnston,* 81 R. I. 115.

On the answer which should be made to each question respondents are in sharp disagreement among themselves. The respondents Lloyd G. Briggs and Barbara L. Briggs contend that the answer should be in the affirmative. The respondents Edward Dyer, Kenneth Dyer and Frank Dyer argue to the contrary, and they are joined in that position by Westminster College and United Presbyterian Women's Association of North America, legatees under the will of Mrs. Briggs. For convenience we shall hereinafter refer to the first group as the Briggs respondents, the second as the Dyer respondents, and the third as the college and association respondents.

That the will of Mrs. Briggs gave a power of appointment to her husband Asa is not disputed. The controversy is whether the above-quoted provision of her will may be reasonably construed to give the donee of the power the right to exercise it by his will notwithstanding the absence of express language to that effect in the donor's will. The college and association respondents contend that only a strained construction could confer such a right. They point out that the donor's testamentary language itself clearly indicates the contrary. They argue that when she gave the donee "full power to appoint the full capital of said trust, in whole or in part, during his lifetime" she intended to confine the exercise of the power by him while he was living. They further argue that if she intended it to be exercised by his will she could have very easily said so. The Dyer respondents pursue the same argumentation and in addition stress the point that the tense which the testatrix uses in referring to distributions to such persons "as my said husband shall have appointed" is consistent with an exercise of the power while he was living rather than a general power exercisable by will.

We do not agree with such contentions. We think they rest on a too narrow and technical construction of the

testatrix's language. Moreover, a testamentary exercise of the power by the donee thereof is not necessarily inconsistent with such language. In the absence of restrictions or limitations in the gift of a power to appoint it is generally held that it may be exercised either inter vivos or by will. 3 Restatement, Property, §324, p. 1843; 72 C.J.S. Powers §§38, 39, p. 435; 41 Am. Jur., Powers §36, p. 830. In our opinion none of the language of the testatrix which is relied on by the Dyer respondents and the college and association respondents can be reasonably construed as a restriction intended by the testatrix to preclude her husband's exercise of the power by his will.

The Briggs respondents contend that by the introductory and residuary clauses of his will Asa validly exercised such power. They point out that the declaration of the testator's intent in the introductory clause clearly shows that he intended to dispose of all property over which he had the power to dispose and that the general and unrestricted language of the residuary clause effected such disposition notwithstanding the absence of more specific language expressly referring to the power to appoint.

In support of this latter contention they rely upon G. L. 1956, §33-6-17, which provides that "a bequest of the personal estate of the testator or any bequest of personal property described in a general manner, shall be construed to include any personal estate or any personal estate to which such description shall extend, as the case may be, which he may have power to appoint in any manner he may think proper, and shall operate as an execution of such power, unless a contrary intention shall appear by the will."

In the instant case no such contrary intention appears. Notwithstanding the absence thereof the Dyer respondents and the college and association respondents urge us to find a contrary intention of the testator expressed in a letter

which he wrote to two of the Dyer respondents. This letter was excluded from evidence in the superior court.

The Dyers contend that such exclusion was erroneous. There is no merit in that contention. Adherence to the mandate of §33-6-17 requires the court to confine its search for a contrary intention of the testator solely to his will. In our opinion the proffered letter was incompetent and irrelevant. It was therefore properly excluded.

In the absence of an intention in Asa's will contrary to the statutory provision the general power of appointment given to him by the will of Mrs. Briggs was validly exercised by virtue of the mandatory rule of construction set out in such provision. As a result of that enactment the law theretofore obtaining was changed and it was thereafter no longer necessary for a testator to refer specifically to the power in order to effect an exercise of it in a general residuary clause of either real or personal property. *Commercial Trust Co.* v. *Clinton,* 77 R. I. 18; *Rhode Island Hospital Trust Co.* v. *Dunnell,* 34 R. I. 394.

In view of the above answers to the questions propounded we construe the will of Mrs. Briggs to have created a general power of appointment in her husband Asa Lloyd Briggs. And we construe the introductory clause of his will to have evinced an intention to exercise such power, which he did in the residuary clause thereof in favor of the respondents Lloyd G. Briggs and Barbara L. Briggs.

The parties may appear in this court on May 6, 1964 and present for our approval a decree in accordance with this opinion for entry in the superior court.

### APPENDIX.

"Fifthly: All the rest, residue and remainder of my property or the proceeds of sale thereof I direct my Executors, hereinafter named, to divide into two equal parts or shares and I give, devise and bequeath unto my Trustees, hereinafter named, one of such parts or

shares, in trust nevertheless, to hold so much thereof as may be real property until the same shall be sold and to invest and keep invested so much thereof as may be personal property and the proceeds of sale of any real property and to receive the rents, interest and income of such property and, after paying therefrom all taxes, assessments, premiums of insurance and necessary expenses for repairs or otherwise, *to pay the net rents, interest and income thereof unto my said husband, A. Lloyd Briggs, for and during his life and on his death to convey, assign, transfer and pay over the capital of such share unto such person or persons, corporation or corporations and in such shares or proportions as my said husband shall have appointed and, in default of a complete disposition by him by appointment or as hereinafter provided, then on his death to convey, assign, transfer and pay over the capital of such share as follows*: one-sixth (1/6) each to Kenneth Dyer, Frank Dyer, Edward Dyer, Robert Eiler and William A. Eiler and to their descendants if any of them shall have predeceased my said husband leaving descendants living at the time of his death, such descendants to take by representation, and if any of them predeceases my said husband without leaving descendants living at the time of his death, the share of the one so dying shall be divided equally among the survivors of the said Kenneth Dyer, Frank Dyer, Edward Dyer, Robert Eiler and William A. Eiler and the issue of such as may have predeceased my said husband leaving descendants living at the time of his death, such descendants to take by representation; the remaining one-sixth (1/6) I direct my Trustees to divide into two equal parts and to convey, assign, transfer and pay over the capital of one of such parts to Westminster College, at New Wilmington, Pennsylvania, in memory of my brother, J. Scott Eiler, and it is my wish that this bequest be added to its endowment fund to provide student scholarships, and to convey, assign, transfer and pay over the other of such parts to United Presbyterian Women's Association of North America in memory of my parents, Edward and Jennie Scott Eiler, for the benefit of its

Home for Aged People at Wilkinsburg, Pennsylvania, and it is my wish that this bequest be added to its endowment fund and the income be devoted to the general purposes of said Association in operating its Home for Aged People." (italics ours)

## ON MOTION FOR REARGUMENT.

### MAY 8, 1964.

PER CURIAM. After our opinion herein was filed, the Dyer respondents and the college and association respondents, by permission of the court, joined in presenting a motion for leave to reargue setting forth therein certain reasons on which they base their contention that justice requires a reargument of the cause.

We have carefully considered those reasons and are of the opinion that they are not based on any matter which was not fully considered and passed upon directly or indirectly by us in reaching the conclusion stated in our opinion.

The motion is denied, and on May 20, 1964 the parties may present to this court for our approval a form of decree to be entered in the superior court in accordance with our opinion filed April 24, 1964.

*Edward M. Botelle,* for complainant.

*Edwards & Angell, Knight Edwards, Richard M. Borod,* for respondents Lloyd G. Briggs and Barbara L. Briggs.

*Charles H. Drummey,* for respondents Edward Dyer and Kenneth Dyer.

*Ferdinand A. Bruno,* for respondents Kenneth Dyer and Frank Dyer.

*Adolph N. Anderson, Jr.,* for respondents Westminster College of New Wilmington, Pa., and United Presbyterian Women's Association of North America.