Strafford,
No. 5976.

FREDERICK HILDRETH, individually and
formerly d/b/a ROCHESTER FOOD OUTLET
and
HILDRETH'S SUPERETTE DISCOUNT STORE.

*v.*

LUCIEN E. BERGERON, individually
and
d/b/a LUCIEN BERGERON INSURANCE AGENCY.

March 31, 1970.

*Ovila J. Gregoire* and *Upton, Sanders & Upton* and *Ernest T. Smith, III* ( *Mr. Smith* orally ), for the plaintiff.

*Calderwood, Silverman & Ouellette* and *William B. Cullimore* ( *Mr. Cullimore* orally ), for the defendant.

GRIFFITH, J. Defendant's exception to the denial of his motion

to dismiss on the pleadings was reserved and transferred by *Leahy*, C. J. In determining this issue all facts properly pleaded by the plaintiff and all reasonable inferences therefrom are considered as true. *Aldrich* v. *Beauregard & Sons,* 105 N. H. 330, 200 A.2d 14.

The plaintiff claims that the defendant agreed to provide insurance to cover all contingencies or accidents which might occur during the operation of his retail grocery business. Paula Gilbert was injured by the explosion of a Coca-Cola bottle purchased at the plaintiff's store and brought suit against the plaintiff on January 19, 1965 for the injuries she sustained. The plaintiff was advised by the defendant that his insurance policies did not cover the accident and he was forced to defend the action himself.

Plaintiff's action was brought on September 19, 1967 and subsequently on June 4, 1968 Paula Gilbert recovered a verdict of $1,000 against the plaintiff herein. On the same day plaintiff recovered a verdict of $1,000 in his suit against his suppliers Armand St. Hilaire and Coca-Cola Bottling Co. As a result of the second verdict the claim of Paula Gilbert against the plaintiff was fully satisfied by his suppliers.

The defendant moved to dismiss on the ground that whatever damages plaintiff might have recovered against him had already been paid to plaintiff in his recovery against St. Hilaire and Coca-Cola. Plaintiff in answer thereto stated that because of defendant's failure to provide insurance which would have satisfied the expenses of defending the Gilbert action and paid any judgment recovered, plaintiff incurred counsel fees in the sum of $1,310.20 to defend the Gilbert action and to initiate and pursue the action against St. Hilaire and Coca-Cola which produced the $1000 with which the Gilbert verdict was paid. The fact that these verdicts arose after this action was brought does not prevent their consideration here on the issue of damages. *Mansfield* v. *Finance Corp.,* 99 N. H. 352, 111 A.2d 322.

We agree that the damages claimed for breach of the alleged contract are mitigated to the extent the Gilbert verdict has been paid. The "collateral source rule" relied upon by the plaintiff is not applicable here. If the alleged contract had been fully performed by the defendant the insurer could have recovered from the suppliers as did the plaintiff. It follows that the source was not

" collateral " and had the plaintiff not pursued the source his damages might have been less than the verdict against him because he failed to make a reasonable effort to mitigate them. *Coos Lumber Co.* v. *Builders Supply Co.,* 104 N. H. 404, 407, 188 A.2d 330, 332; Restatement, Contracts, *s.* 336.

Plaintiff's damages in this case are not limited to the verdict against him in the Gilbert suit. If the alleged contract was breach - ed he is entitled to all expenses resulting from the breach including attorney's fees both in defending the Gilbert action and prosecuting the suit over against the suppliers. *Waumbec Mills* v. *Bahnson Service Co.,* 103 N.H. 461, 467, 174 A.2d 839, 844; Restatement, Contracts, *s.* 334; 5 Corbin, Contracts, *s.* 1037. The defendant's motion to dismiss was properly denied.

Finally the defendant claims that the plaintiff is barred from seeking in this case the expenses of defending the Gilbert action since his declaration against the suppliers alleged these expenses. Since the issue will probably arise at trial we consider it here. *Burke* v. *Burnham,* 97 N.H. 203, 209, 84 A.2d 918, 924. We agree that the plaintiff may not relitigate here an issue he has had a full and fair opportunity to litigate against another defendant whether he won or lost. *Sanderson* v. *Balfour,* 109 N.H. 213, 247 A.2d 185. However, in order for plaintiff to be barred by collateral estoppel the issue must be the same and here it is not. *See Ainsworth* v. *Claremont,* 108 N.H. 55, 226 A.2d 867.

The action against the suppliers was undertaken to mitigate the damages resulting from the breach of the alleged contract. The risks incident to reasonable efforts to mitigate damages are borne by the party breaking the contract whether the effort was successful or not. Restatement, Contracts, *s.* 336 ( 2 ); Williston on Contracts ( 3d *ed.* ) *s.* 1354. The fact that plaintiff's effort to mitigate his damages was by litigation does not change the issue which is whether plaintiff acted reasonably to mitigate his damages. *See Hutt* v. *Hickey,* 67. N.H. 411, 29 A.456; *Brew Company* v. *Auclair Transportation Co.,* 106 N. H. 370, 211 A.2d 897. The failure of plaintiff to recover from a third party damages he is now claiming against the defendant is not material here except as bearing on the reasonableness of plaintiff's conduct.

*Exception overruled.*

All concurred.