Grafton
No. 7946

JOHN KING & a.

v.

PAUL NEDOVICH & a.

March 24, 1978

*Thomas M. Pancoast,* of Littleton, for Northern Security Insurance Co., Inc., plaintiff in interest.

*Luigi J. Castello,* of Woodsville, by brief, *Wadleigh, Starr, Peters, Dunn & Kohls,* of Manchester (*Theodore Wadleigh* orally), for the defendants.

PER CURIAM. In these consolidated actions for damages arising out of a fire, alleged to have been caused by a faulty fireplace, the issue is whether the plaintiffs' insurer by its own motion may be substituted as plaintiff.

Four cases resulting from allegedly negligent construction of fireplaces were consolidated for trial. Two of the actions were brought in the names of John King and Dorothy King as plaintiffs, who were the owners of the house at the time of the fire. One action was against Nedovich, the seller of the house, for breach of warranty, and the other was against John Simpson, the mason who constructed the fireplace. The other two actions, brought by Nedovich against Simpson, are irrelevant to the issue involved.

Northern Security Insurance Co., Inc., moved to intervene and to substitute itself as party plaintiff in the actions brought in the name of the Kings. It alleges that it has paid the Kings $6,817.99 under its homeowner's insurance coverage; that the Kings have failed to cooperate with it and have left the area for parts un-

known, so that they will be unavailable to testify; and that John King failed to appear for a deposition to preserve his testimony although he was properly subpoenaed. The trial court initially denied the motion. However, on hearing and reconsideration the court vacated the previous order and granted the motion. Defendant's exceptions were transferred by *Batchelder, J.*

Relying on *Montello Shoe Co., Inc. v. Suncook Industries, Inc.*, 92 N.H. 161, 26 A.2d 676 (1942), and *Sibson v. Robert's Express*, 104 N.H. 192, 182 A.2d 449 (1962), defendants argue that the granting of the motion was improper. Those cases, however, do not support their position. In *Montello*, the defendant, not the plaintiff, sought to have the insurer as plaintiff in interest "be made to join as party plaintiffs." The court said that "[t]he right of the insurers to be joined as plaintiffs in interest is not a right of the defendant that they shall be." The case does not stand for the proposition that an insurer may not be allowed to join as a party plaintiff when it so requests. In *Sibson*, the plaintiff had recovered verdicts for personal injuries, and his insurer, which had knowledge of the insured's action, moved after verdict to be allowed to prosecute a count for property damage. The motion, deemed by the court to be an endeavor to split a cause of action, was denied as res judicata. The court, however, indicated that the insurer's right of recovery was limited to the right to intervene in the suit brought by the insured.

The possible prejudice when insurance is disclosed to a jury is sufficient reason to draw a distinction between compelling an insurer to be joined and permitting it to do so at its own request. In fact, in *Waumbec Mills v. Bahnson Service Co.*, 103 N.H. 461, 174 A.2d 839 (1961), when all the issues were for the court to resolve and, therefore, no prejudice could result, it was held that the order making an insurance company a party plaintiff against its will was within the court's discretion.

We hold, therefore, that the granting of the motion in this case was within the discretion of the trial court and that there was no abuse of that discretion. *See Scamman v. Sondheim*, 97 N.H. 280, 281, 86 A.2d 329, 330 (1952).

*Exceptions overruled; remanded.*

LAMPRON, J., did not sit.