Belknap
No. 92-611

## National Marine Underwriters, Inc.

### v.

## John H. McCormack, III

December 3, 1993

*Bouchard & Mallory, P.A.*, of Manchester (*Christine Friedman* on the brief and orally), for the plaintiff.

*Wenger & Cronin, P.C.*, of Bedford (*John G. Cronin* on the brief and orally), for the defendant.

BROCK, C.J. The plaintiff, National Marine Underwriters, Inc. (National Marine), appeals an order of the Superior Court (*Hamp-*

*sey*, J.), dismissing its petition for a declaratory judgment, in which it sought rescission of an insurance policy issued to the defendant, John H. McCormack, III. Because we conclude that the trial court erred in denying National Marine's motion to amend, we vacate and remand.

A passenger on McCormack's boat was injured in a boating accident. She and her husband sued McCormack, who had obtained marine liability insurance coverage from North American Specialty Insurance Co. (North American). National Marine serves as the managing general agent for North American. As such, National Marine writes, quotes, and binds policies, collects premiums, and pays claims. National Marine provided McCormack with counsel to defend the personal injury action.

During a deposition, McCormack disclosed his involvement in a prior alcohol-related offense, which he had not revealed on his liability insurance renewal application. As a result of this alleged material misrepresentation on McCormack's application for renewal of insurance coverage, National Marine filed its petition for declaratory judgment seeking rescission of the marine liability insurance policy. National Marine was the only named plaintiff in all pleadings filed by National Marine and McCormack.

During a chambers conference held the morning of the bench trial on National Marine's action, McCormack asserted for the first time that National Marine was not the proper plaintiff. At the subsequent hearing, the court denied National Marine's motion to amend in order to add North American as a plaintiff. The court also refused to hear testimony from a National Marine vice-president detailing the agency relationship between National Marine and North American, and National Marine's authority to conduct litigation on behalf of North American. Even though the court had denied several motions of the parties that same morning for being untimely and causing surprise to National Marine, it nevertheless entertained and granted McCormack's oral motion to dismiss National Marine's petition for declaratory judgment on the ground that National Marine was not the insurance company that issued the policy.

National Marine argues that the trial court erred in denying its motion to amend. Neither party questions that North American is a proper party plaintiff in the declaratory judgment action. National Marine's motion is essentially one requesting substitution of one party for another. *Cf.* R. WIEBUSCH, 4 NEW HAMPSHIRE PRACTICE, CIVIL PRACTICE AND PROCEDURE § 182, at 133 (1984). McCormack argues that the addition of a new party, not named in the pleadings,

should not be allowed, citing *Dupuis v. Smith Properties, Inc.*, 114 N.H. 625, 628, 325 A.2d 781, 782 (1974) ("Correction of misdescription is generally permitted by way of amendment but substitution of a new party is not."). Defendant's reliance on *Dupuis*, however, is misplaced. *Dupuis* addressed the correction by amendment of a *defendant's* misdescription, not that of a plaintiff. *Id.*

We allow substitution of an entirely new party as plaintiff, including substitution of a plaintiff with standing for an original plaintiff with no standing, when required to prevent injustice and in the absence of resultant prejudice to the defendant. *See Edgewood Civic Club v. Blaisdell*, 95 N.H. 244, 247, 61 A.2d 517, 519 (1948); *State v. Collins*, 68 N.H. 46, 46–47, 36 A. 550, 550–51 (1894); *Willoughby v. Holderness*, 62 N.H. 661, 662 (1883). We have allowed substitution of a plaintiff for an original plaintiff with no right to recover due to a procedural incapacity. *See Coburn v. Dyke*, 103 N.H. 159, 160–61, 167 A.2d 223, 224 (1961). Further, we have allowed an insurance company, upon its own motion, to substitute itself for the original plaintiffs, the insureds. *See King v. Nedovich*, 118 N.H. 161, 161–62, 384 A.2d 134, 135 (1978).

The trial court may in the exercise of its sound discretion consider motions to amend and we will not overturn its ruling absent an abuse of discretion. *Belcher v. Paine*, 136 N.H. 137, 148–49, 612 A.2d 1318, 1326 (1992). The general rule in this State is to allow liberal amendment of pleadings to cure defects of a technical nature. *Tice v. Thomson*, 120 N.H. 313, 318, 414 A.2d 1284, 1287 (1980); *see* RSA 514:8 (1974); SUPER. CT. R. 25. Substantive amendments to pleadings are permitted when they are necessary for the prevention of injustice. *Clinical Lab Products, Inc. v. Martina*, 121 N.H. 989, 991, 437 A.2d 285, 286 (1981); *see* RSA 514:9 (1974); SUPER. CT. R. 26. We allow "liberal amendment of pleadings unless the changes surprise the opposite party, introduce an entirely new cause of action, or call for substantially different evidence." *Clinical Lab Products, Inc.*, 121 N.H. at 991, 437 A.2d at 286 (citations omitted); *see Gosselin v. Gosselin*, 136 N.H. 350, 352, 616 A.2d 1287, 1288 (1992).

Substitution of North American as party plaintiff does not introduce an entirely new cause of action; it does not call for substantially different evidence on the part of either the plaintiff or the defendant; and it causes no surprise for the defendant.

McCormack argues that amendment by National Marine would cause him prejudice resulting from delay, increased costs in the nature of lost wages, additional legal fees, and discovery ex-

pense. We disagree. McCormack has conceded that North American is the proper party plaintiff to this action. Substitution of the proper party plaintiff for the alleged non-proper party plaintiff eliminates the defendant's need for further discovery of the relationship between the two. Denial of National Marine's motion to amend, however, holds the potential for significant injustice and prejudice to the plaintiff. If National Marine is not allowed to amend, North American may be barred from bringing a declaratory action against the defendant by the statute of limitations. *See* RSA 491:22 (1983) (current version at RSA 491:22 (Supp. 1992)). Such a result would be unjust where the intended defendant was correctly named in the original action; he received timely, adequate, and actual notice of the action; and he has remained the named defendant throughout these proceedings. *See Dupuis*, 114 N.H. at 628–30, 325 A.2d at 782–83.

Both National Marine and North American seek judgment on the identical issue of rescission. Although McCormack prepared his defense of the declaratory judgment action over a ten-month period under the assumption that National Marine was the proper party plaintiff, his preparation for a defense against North American would have been identical. During the week immediately preceding trial, McCormack discovered that National Marine was not an insurance company. When McCormack moved to dismiss on the morning of trial, the only surprised party was National Marine.

For these reasons, we hold that the trial court's denial of National Marine's motion to amend constituted an abuse of its discretion. Accordingly, we vacate the order dismissing National Marine's petition for declaratory judgment and remand for further proceedings consistent with this opinion.

*Vacated and remanded.*

All concurred.