Collins v. Tool Exchange, et al.     CV-01-302-M    10/16/02

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


Thomas A. Collins, Jr.
and Diane M. Collins,
     Plaintiffs

     v.                                    Civil No. 01-302-M
                                           Opinion No. 2002 DNH 183
The Tool Exchange LLC
and Black & Decker, Inc.,
     Defendants


**O R D E R**


Plaintiffs have sued in eight counts to recover damages suffered as a result of injuries Thomas A. Collins, Jr. ("Collins") sustained while operating a used Black & Decker miter saw he purchased from The Tool Exchange LLC ("The Tool Exchange"). Before the court are: (1) The Tool Exchange's motion for partial summary judgment as to the failure-to-warn claims in Counts IV and VI; and (2) Black & Decker's motion for summary judgment on Counts I, III, and V. Plaintiffs object. For the reasons given below, both motions for summary judgment are necessarily denied.

Summary judgment is appropriate when the record reveals "no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). "To determine whether these criteria have been met, a court must pierce the boilerplate of the pleadings and carefully review the parties' submissions to ascertain whether they reveal a trialworthy issue as to any material fact." Perez v. Volvo Car Corp., 247 F.3d 303, 310 (1st Cir. 2001) (citing Grant's Dairy-Me., LLC v. Comm'r of Me. Dep't of Agric., Food & Rural Res., 232 F.3d 8, 14 (1st Cir. 2000)). In defending against a motion for summary judgment, "[t]he non-movant may not rely on allegations in its pleadings, but must set forth specific facts indicating a genuine issue for trial." Geffon v. Micrion Corp., 249 F.3d 29, 34 (1st Cir. 2001) (citing Lucia v. Prospect St. High Income Portfolio, Inc., 36 F.3d 170, 174 (1st Cir. 1994)). When ruling upon a party's motion for summary judgment, the court must "scrutinize the summary judgment record 'in the light most hospitable to the party opposing summary judgment, indulging all reasonable inferences in that party's favor.'" Navarro, 261 F.3d at 94 (quoting Griggs-Ryan v. Smith, 904 F.2d 112, 115 (1st Cir. 1990)).

2

Here, several genuine issues of material fact preclude summary judgment for defendants. The court begins with plaintiffs' failure-to-warn claims, against both defendants, and concludes with plaintiffs' strict products liability claim, against Black & Decker only, for design defects other than lack of an adequate warning.

Defendants move for summary judgment on the failure-to-warn claims on the grounds that: (1) they had no duty to warn Collins of the dangers associated with using a miter saw without a blade guard because those dangers were obvious; and (2) even if they had, and breached, a duty to warn Collins, their breach of duty did not cause Collins's injuries, because his history of saw use demonstrates that he would have used the miter saw without a guard even if he had been warned not to. Both the duty to warn and causation present disputed issues of material fact that cannot be resolved in defendants' favor on a summary judgment record.

All parties agree that manufacturers and sellers are not obligated to warn consumers against obvious dangers. See

3

Cheshire Med. Ctr. v. W.R. Grace & Co., 853 F. Supp. 564, 567 (D.N.H. 1994) (citing McLaughlin v. Sears, Roebuck & Co., 111 N.H. 265, 268 (1971)). And, "obviousness of the harm [is a] question[] of fact to be decided by the jury." Price v. BIC Corp., 142 N.H. 386, 390 (1997) (citing Thibault v. Sears, Roebuck & Co., 118 N.H. 802, 809 (1978)). Defendants argue, principally by analogy to other cases, that the dangers associated with the spinning blade of a power saw are obvious, as a matter of law. Plaintiffs counter that the danger associated with operating this particular saw without a blade guard was not obvious because, with the blade guard removed, it is very difficult to detect that the saw ever had a blade guard. In support of that proposition, plaintiffs offer Collins's affidavit, in which he described his inability to detect the points of attachment that hold a blade guard in place on this particular model of miter saw. By virtue of Collins's affidavit, plaintiffs have met their burden of creating a fact question as to the obviousness of the danger of operating the saw in this case without a blade guard.

4

Even assuming that the risk posed by the miter saw on which Collins injured himself was obvious, causation is also at issue. Defendants have provided powerful evidence – in the form of Collins's history of continuing to use unguarded saws, even after having been injured by them – that no warning would have prevented Collins from using his Black & Decker miter saw without a blade guard. However, at the summary judgment stage, there is no avoiding Collins's statement, in his affidavit, that he would have used a blade guard if he had been warned that it was dangerous to operate the saw without one. While Collins will have a difficult time convincing a reasonable jury that he would have heeded a warning if one were printed on the housing of his saw, or had been given an verbal warning by The Tool Exchange, it is not for the court to say that Collins's prospective trial testimony is, as a matter of law, beyond belief. Thus, plaintiffs have minimally met their burden of creating a triable issue of fact related to causation.

As for the remaining design defect claims in strict products liability – those not based upon a failure to warn[1] – Black &

---

[1] In support of his defective design theory, Collins identifies the following design defects: (1) the blade guard was

5

Decker moves for summary judgment on the grounds that: (1) plaintiffs' expert has not opined that the miter saw was defectively designed; and (2) Collins's injury was caused by his own misconduct in operating the saw rather than by a design defect.

Plaintiffs' expert disclosure may not be as comprehensive as it could be, but that disclosure, in combination with the affidavit from their expert, included with their objection to summary judgment, provides adequate evidence from which a reasonable jury could conclude that, independent of its lack of warnings, Collins's miter saw had a design that "created a defective condition unreasonably dangerous to the user." Vautour v. Body Masters Sports Indus., Inc., 147 N.H. 150, 153 (2001) (citing Chellman v. Saab-Scania AB, 138 N.H. 73, 77 (1993)). Black & Decker argues that Collins cannot recover for his injury because he consciously put himself in harm's way by using a product he knew to be dangerous. However, as with the causation

---

weakly attached to the housing of the saw and was, therefore, easily removable; (2) the saw had no safety switches to stop the blade from spinning after its trigger was released; and (3) the saw blade remained in motion for many seconds after the trigger was released.

6

element in the failure-to-warn claim, plaintiffs have offered evidence, via Collins's affidavit, sufficient to create a material issue of fact and survive summary judgment. Specifically, Collins states that he had no idea the saw was dangerous without a blade guard, and had no idea that a blade guard could even be attached to his saw. Because the court cannot judge Collins's credibility or weigh the evidence he proposes to offer, defendants are not entitled to summary judgment on their "user misconduct" defense.

For the reasons given above, plaintiffs have produced enough evidence to survive summary judgment on their failure-to-warn and design defect claims. The obviousness of the dangers posed by a miter saw without a blade guard, and the cause of Collins's injury, present triable fact questions. Accordingly, The Tool Exchange's motion for partial summary judgment (document no. 21) and Black & Decker's motion for summary judgment (document no. 22) are both necessarily denied.

7

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

October 15, 2002

cc:  Edwinna C. Vanderzanden, Esq.
     William A. Mulvey, Jr., Esq.
     Cynthia L. Fallon, Esq.