# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2021-0574, <u>Estate of Bowen S. Downes v. Dennis Greenwood</u>, the court on May 12, 2023, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, has considered the oral arguments of the parties, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The defendant, Dennis Greenwood, appeals an order of the Circuit Court (<u>Boyle</u>, R., approved by <u>Subers</u>, J.), following a hearing, awarding judgment on a small claim complaint to the plaintiff, the Estate of Bowen S. Downes through its administrator Yvonne Downes. The defendant argues that the trial court erred when it did not find the plaintiff's suit barred either: (1) because the Estate had already been closed by summary administration, <u>see</u> RSA 553:33 (2019); or (2) because the plaintiff's claim is barred by the applicable statute of limitations. We affirm.

The trial court could have found the following facts. Bowen S. Downes passed away on November 27, 2017. On April 2, 2018, Yvonne Downes, the decedent's mother, was appointed as the administrator of the Estate. As administrator, Ms. Downes filed an Inventory of Fiduciary with the court, which listed seven items of tangible personal property belonging to the Estate and their values. For the purposes of this appeal, we will assume, consistent with the defendant's arguments, that the Estate was closed by summary administration on February 20, 2019. <u>See</u> RSA 553:33.

Over a year later, in July 2020, Ms. Downes, representing herself, filed a small claim complaint in her personal capacity against the defendant. The complaint alleged that she and her son had been business partners; that, at the time of her son's death, the defendant had possession of certain business property; and that, following her son's death, the defendant refused to return the property. The defendant, represented by counsel, filed a response to the small claim complaint, disputing the claim and requesting a hearing. Ms. Downes later retained counsel and filed a motion to amend the complaint in order to substitute the Estate as the plaintiff. The defendant did not object, and the court granted the motion.

Both parties presented evidence at the hearing in October 2021. The court admitted the Inventory of Fiduciary as an exhibit. Ms. Downes testified that she was seeking to recover the value of six of the listed items, which she claimed were in the possession of the defendant. After both parties had rested,

the defendant, in his closing statement, argued for the first time that the plaintiff's claim was barred by the statute of limitations. The court awarded judgment to the plaintiff. The defendant moved for reconsideration, again raising the statute of limitations defense and asserting, for the first time, that the Estate should not be allowed to pursue the claim because it had already been closed by summary administration. The court denied the motion, and this appeal followed.

The defendant first argues that the trial court erred when it "permitted the Estate to initiate any action." We do not construe this as a challenge to the trial court's grant of Ms. Downes' motion to substitute the Estate as plaintiff; rather, the defendant claims that the court "abused its discretion and misapprehended the facts in its Final Order when it permitted the Estate judgment after it was already closed." (Emphasis added.) We are not persuaded.

We will uphold the findings and rulings of the trial court unless they lack evidentiary support or are legally erroneous. Vincent v. MacLean, 166 N.H. 132, 134 (2014). We defer to the trial court's judgment on such issues as resolving conflicts in the testimony, measuring the credibility of witnesses, and determining the weight to be given evidence. Id.

We conclude that the defendant has not shown that the trial court's decision to render judgment in favor of the Estate, despite the fact that the Estate was closed by summary administration, was unsupported by the evidence or legally erroneous. In the first instance, the suit was not initially filed by the Estate. The action was initiated by Ms. Downes in her personal capacity — after the date on which the defendant asserts that the Estate was closed. Based on the record before us, the decedent died intestate and there is no evidence that the decedent had a spouse or any family members other than his mother and brother. Accordingly, under the intestacy distribution statute, Ms. Downes was the decedent's sole heir. See RSA 561:1, II(b) (2019). As the decedent's sole heir, Ms. Downes brought this suit to vindicate her property interest in the decedent's personal property. See In re Estate of Couture, 166 N.H. 101, 105 (2014) (recognizing that decedent's heir had "a direct legal or equitable interest in the decedent's estate"). We find no error in the court's award of judgment to the Estate, which ultimately benefits Ms. Downes — the original plaintiff, the decedent's sole heir, and the person who has pursued this suit in one capacity or another from beginning to end. See Nat'l Marine Underwriters v. McCormack, 138 N.H. 6, 8-9 (1993); see also RSA 503:2 (2010) (establishing small claim proceeding as a "simple, speedy, and informal procedure" for resolving disputes). Under the circumstances presented, this result does not prejudice the defendant because, whether Ms. Downes pursued the suit in her personal capacity or as the administrator of the Estate, the outcome would have been the same. Cf. Nat'l Marine Underwriters, 138 N.H. at 8-9 (trial court erred when it denied substitution of new plaintiff on the eve

of trial because substitution would not have prejudiced the defendant by introducing an entirely new cause of action, calling for substantially different evidence, or causing surprise and defendant had timely, adequate notice of the action).

The defendant next argues that the trial court erred when it did not find the plaintiff's suit barred by the three-year statute of limitations in RSA 508:4, I (2010). The plaintiff counters that, under the Circuit Court — District Division Rules, the defendant was obligated to raise the affirmative defense of statute of limitations prior to trial. See Dist. Div. R. 3.9(d). The plaintiff asserts that, because the defendant did not raise his statute of limitations defense until his closing argument at trial, he waived the defense. In response, the defendant contends that, because this is a small claim case, he was not bound by the District Division Rules. Because it is a longstanding common law rule that a statute of limitations defense may be waived if not timely raised, we need not resolve the parties' disagreement as to whether the Circuit Court — District Division Rules apply in small claim proceedings. We conclude that, under our common law, the defendant waived his statute of limitations defense.

The statute of limitations is an affirmative defense, and the defendant bears the burden of proving that it applies to the plaintiff's claim. See Riso v. Riso, 172 N.H. 173, 178 (2019). Our common law establishes that application of the statute of limitations must be pleaded or otherwise raised prior to trial to put the plaintiff and the court on notice that the defendant intends to invoke this affirmative defense. See Yeaton v. Skillings, 100 N.H. 316, 320 (1956); Moore v. Insurance Co., 64 N.H. 140, 141-42 (1886). The failure to timely raise a statute of limitations defense may operate to waive that defense. See West Gate Village Assoc. v. Dubois, 145 N.H. 293, 298 (2000) ("We further recognize that statutes of limitations may be waived."); Yeaton, 100 N.H. at 320 (concluding that defendant's failure to raise statute of limitations defense until three years after action was initiated constituted waiver). Whether a party has waived an affirmative defense is a question of fact. See So. Willow Properties v. Burlington Coat Factory of N.H., 159 N.H. 494, 499 (2009) ("Waiver is a question of fact . . . ."); cf. Riso, 172 N.H. at 176-77 (whether defendant forfeited statute of limitations defense presented a question of fact, which we review for clear error).

The trial court did not make an explicit ruling with respect to the defendant's statute of limitations argument. Accordingly, it is not clear whether the court rejected the argument on the merits, or found that the defendant had waived the defense. However, when a trial court has not addressed a factual issue, but the record reveals that a reasonable fact finder necessarily would reach a certain conclusion, we may decide the issue as a matter of law. See Simpson v. Young, 153 N.H. 471, 474 (2006).

3

Here, given the defendant's conduct, a reasonable fact finder would necessarily conclude that the defendant waived any statute of limitations defense. The defendant raised his statute of limitations defense for the first time in his closing argument — after both parties had rested. Moreover, by waiting to raise this defense, the defendant deprived the plaintiff of the opportunity to present any evidence pertaining to the statute of limitations. See Riso, 172 N.H. at 178-79 (explaining that defendant must do more than simply put plaintiff on notice that he is asserting statute of limitations defense before plaintiff is required to produce rebuttal evidence). Accordingly, we conclude that the defendant waived his statute of limitations defense. See Simpson, 153 N.H. at 474; cf. Riso, 172 N.H. at 179-81 (concluding that defendant forfeited statute of limitations defense — after initially raising the defense in his answer — by failing to press it in pre-trial litigation, at trial, or in first motion to reconsider).

In sum, we conclude that the court did not err when it allowed Ms. Downes to initiate and litigate this suit in her various capacities, or when it awarded judgment to the plaintiff, and that the defendant waived his statute of limitations defense. Accordingly, the trial court did not err when it allowed the suit to proceed and awarded judgment to the plaintiff.

Affirmed.

MACDONALD, C.J., and HICKS, BASSETT, HANTZ MARCONI, and DONOVAN, JJ., concurred.

**Timothy A. Gudas,
Clerk**