[Civ. No. 11731. First Dist., Div. Two. Sept. 3, 1941.]

GEORGE R. BATHKE, Appellant, v. PAUL RAHN, Respondent.

Philip O. Solon for Appellant.

Myron Harris, William H. Older and John Jewett Earle for Respondent.

DOOLING, J., *pro tem.*—This is an appeal from a judgment for defendant entered after the sustaining of a demurrer to a second amended complaint on the ground that the action is barred by the statute of limitations, Code of Civil Procedure, section 340. There is also a purported appeal from the order sustaining the demurrer.

The complaint is against a physician for malpractice and alleges the negligent and unskillful performance of an operation of double vasectomy upon plaintiff by defendant.

The complaint alleges that plaintiff, a married man, consulted defendant to obtain medical and surgical information which would avoid any future pregnancy of the wife through the couple's marital relations, the wife having theretofore borne four children with such difficulty that she had suffered a complete physical and nervous breakdown; and that defendant had advised the double vasectomy upon plaintiff which he warranted would prevent any future pregnancy of the wife through her relations with plaintiff. It is further alleged that plaintiff upon the advice and solicitation of defendant submitted to such operation on or about October 15, 1938; and that the operation was so negligently and unskillfully performed that "plaintiff ever since the performance of said operation has suffered pain at the location of said operation and has suffered impairment in his health and physical activity and well-being in this:

"That plaintiff ever since said operation . . . has suffered and does continue to suffer pain at the region of said operation and is informed and believes that he will permanently suffer a nervous disorder which is now suffered by plaintiff, that he rendered plaintiff unable to write in ordinary handwriting for that the said nervous disorder caused plaintiff's hands to so shake that he cannot execute ordinary handwriting."

To toll the statute of limitations plaintiff alleged, so far as here material, that immediately following the operation defendant made the following representations to plaintiff:

"(i) That defendant has permanently, by the performance of said operation, rendered the plaintiff sterile; (j) . . . that neither the said operation or the effects thereof would in any manner injure or impair the ability of plaintiff to follow his occupation of traveling salesman"; and that plaintiff believed and relied upon all of such representations until October, 1939, when he discovered that his wife had again become pregnant.

Appellant cites and relies upon *Kane* v. *Cook,* 8 Cal. 449; *Kimball* v. *Pacific Gas & Electric Co.,* 220 Cal. 203 [30 Pac. (2d) 39]; *Denson* v. *Pressey,* 13 Cal. App. (2d) 472 [57 Pac. (2d) 522] and *Petersen* v. *Beckwith,* █(Cal. App.) 289 Pac. 895. Those cases support the rule that where the existence of a cause of action is fraudulently concealed from plaintiff by false representations made by defendant for that purpose the commencement of the running of the statute of limitations is postponed until the plaintiff discovers that he has a cause of action. Were the allegations on that subject limited to the warranty of sterility, plaintiff's reliance thereon and the subsequent pregnancy of the wife, the complaint would seem to fall within the rule announced in those cases. But the complaint is not so limited.

It contains the other allegations quoted above of a representation that the operation would not in any manner injure or impair the ability of plaintiff to follow his occupation of traveling salesman and the constant contradiction of that representation "ever since the performance of said operation" by plaintiff's pain and nervous disorder causing his hands to shake so that he cannot execute ordinary handwriting.

This brings into play the rule so frequently announced in this state that "as the means of knowledge are equivalent to knowledge, if it appears that the plaintiff had notice or information of circumstances which would put him on an inquiry which, if followed, would lead to knowledge, or that the facts were presumptively within his knowledge, he will be deemed to have had actual knowledge of these facts." (*Lady*

*Washington Consolidated Co.* v. *Wood,* 113 Cal. 482 [45 Pac. 809].)

It was incumbent upon plaintiff, having pleaded a representation and facts showing that the falsity of that representation must have been brought home to him within the statutory period, to plead further facts, if any existed, showing why he did not sooner pursue the inquiries which the existence of the pleaded facts would naturally suggest. (*Lady Washington Consolidated Co.* v. *Wood, supra; Johnson* v. *Ehrgott,* 1, Cal. (2d) 136 [34 Pac. (2d) 144] ; *Myers* v. *Metropolitan Tr. Co.,* 22 Cal. App. (2d) 284 [70 Pac. (2d) 992] ; *Haley* v. *Santa Fe Land Imp. Co.,* 5 Cal. App. (2d) 415 [42 Pac. (2d) 1078].)

The purported appeal from the order sustaining the demurrer is dismissed and the judgment appealed from is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.