Rockingham,
No. 4346.

RICHARD H. MANSFIELD

*v.*

FEDERAL SERVICES FINANCE CORPORATION.

Argued December 7, 1954.

Decided January 28, 1955.

*Burns, Calderwood & Bryant* (*Mr. Bryant* orally), for the plaintiff.

*George R. Scammon* (by brief and orally), for the defendant.

GOODNOW, J. The declaration in this case contains two counts, one in assumpsit and one in case. In each count, the plaintiff alleges that on February 14, 1950, the defendant, through whom the plaintiff had previously secured insurance, undertook to procure for the plaintiff a policy of automobile liability insurance effective as of February 10, 1950; that the plaintiff relied upon the defendant to procure such a policy; that in the evening of February 14, 1950, the plaintiff was involved in an accident while operating his

motor vehicle, on account of which actions were instituted against him; and that the defendant failed to furnish a policy effective February 10, 1950, but furnished instead a policy of the Fidelity & Casualty Co. of New York effective February 24, 1950. It is well settled that if such a failure is an unjustifiable breach of the contract (*Dufton* v. *Bank*, 95 N. H. 299; *Ela* v. *French*, 11 N. H. 356) or a negligent performance thereof, the defendant is liable for any damage resulting therefrom. See *Dumas* v. *Company*, 94 N. H. 484; *Dustin* v. *Curtis*, 74 N. H. 266; anno. 29 A. L. R. (2d) 175.

The defendant's motion that the action be dismissed as premature is based on its contention that the policy of insurance which it was supposed to procure was one of indemnity "from the consequences of legal liability by reason of the operation of [the plaintiff's] motor vehicle," and that no such consequences had occurred at the commencement of the action. An examination of the declaration discloses, however, that the plaintiff does not claim that the terms of the policy were to have been such as to merely indemnify him against loss but that they were to require the insurance company "to furnish counsel, provide coverage, and to pay and satisfy any verdict or judgment that may be rendered against said plaintiff."

No cause of action for negligence exists unless and until there has been a resulting injury. *White* v. *Schnoebelen*, 91 N. H. 273, 274. The plaintiff's allegations that he "has been obliged to expend substantial sums of money in attempting to establish that a valid policy of liability insurance was in effect on his motor vehicle on February 14, 1950 . . . has been obliged to engage counsel, has lost time from his work and employment" meet this requirement and establish that so far as the count in case is concerned, the action was not brought prematurely.

Nor is the action premature as to the count in assumpsit. When the defendant failed to procure a policy effective February 10, 1950, there was a breach of its contract which gave to the plaintiff an immediate right of action, whether damage had then occurred to him or not. *Smith* v. *Jefts*, 44 N. H. 482, 483.

The defendant's motion to dismiss was properly denied.

This action was commenced on June 25, 1953. In each count of the declaration, it is alleged that the defendant failed "to pay and satisfy any verdict or judgment that may be rendered against said plaintiff in the actions pending against him by . . . Dorothy

T. Harding, p. p. a. Walter Harding, and Walter Harding individually, arising from . . . the accident in which the said plaintiff was involved on February 14, 1950." On October 23, 1953, agreements for docket markings in these Harding actions against Mansfield were filed in court providing for judgments against Mansfield "effective *nunc pro tunc* June 1, 1953." Mansfield, as plaintiff in this action, then moved to amend his declaration in each count by adding after the excerpt quoted above the following: "that effective as of June 1, 1953, judgment was rendered in said action in favor of the said Walter Harding individually against said Mansfield in the sum of $3,000, plus interest and costs, and effective as of June 1, 1953, judgment was rendered in favor of the said Dorothy T. Harding, p. p. a. Walter Harding, against the said Mansfield in the sum of $7,000, plus interest and costs." Since the entry of these judgments the Hardings have been permitted to intervene in this action.

The Trial Court viewed the amendment as stating a new cause of action and treated the allowance of it as dependent upon whether this cause, by reason of the *nunc pro tunc* markings, was one in existence at the commencement of the plaintiff's action. In denying the motion as a matter of law, the Court ruled that to allow the amendment would require it to approve the *nunc pro tunc* markings and thereby "*create* a cause of action which did not exist prior to its order," a power which it did not possess. The proposed amendment, however, is not concerned with a new cause of action. It states an additional element of damage arising out of the cause originally declared on which has been incurred since commencement of the action. Regardless of the *nunc pro tunc* markings or the effective date of the judgments entered in the Harding cases, the motion to amend presents a question for the discretion of the Trial Court which has not been exercised. The plaintiff's exception to its denial must, for this reason, be sustained.

So far as the count in case is concerned, the denial of the motion was harmless error. The amendment alleges that judgments have been rendered against Mansfield in the Harding actions. It does not allege that Mansfield has paid them. "The mere existence of an outstanding judgment, which may never be paid, is not a legal injury." *Dumas* v. *Company,* 92 N. H. 140, 141. Nor does the fact that the Hardings have been permitted to intervene in this action create any basis for the amendment. *Duncan* v. *Company,* 91 N. H. 349.

The effect of the amendment on the count in assumpsit stands somewhat differently. Under this count, the liability of the defendant for failure to procure the policy includes satisfaction of the obligations which would have been assumed by the insurance company had such a policy been secured. *Dufton* v. *Bank*, 95 N. H. 299; *Ela* v. *French*, 11 N. H. 356; anno. 29 A. L. R. (2d) 203. One of those obligations was "to pay and satisfy any verdict or judgment that may be rendered against said plaintiff" in the Harding actions. Those actions, originally mentioned in the declaration as pending, having gone to judgment after commencement of this suit, a new element of damage then accrued. *Fairfield* v. *Day*, 71 N. H. 63, 65. If allowed, the amendment would add to the plaintiff's declaration this element of damage as to which a right of recovery did not exist at the commencement of the action. Damages which accrue after the commencement of an action as well as those accrued at that time may be recovered in an action for breach of contract. *Smith* v. *Jefts*, 44 N. H. 482, 483. In keeping with the spirit of our statute of amendments (R. L., c. 390, s. 9) the Trial Court would ordinarily allow an amendment such as this one in the exercise of its discretion, a decision which would not be reviewed here except for abuse of that discretion.

*Plaintiff's exception sustained;*
*defendant's exception overruled.*

All concurred.