383 P.2d 250

**Rafael ROYBAL and Carolina Roybal,
Plaintiffs-Appellants,**

v.

**Walter E. WHITE, D.O., Defendant-Appellee.**

**No. 7229.**

Supreme Court of New Mexico.

June 24, 1963.

John D. Donnell, Santa Fe, for appellants.

Rodey, Dickason, Sloan, Akin & Robb, Robert D. Taichert, Albuquerque, for appellee.

NOBLE, Justice.

This is an appeal from an order of the district court dismissing plaintiff's complaint upon motion of the defendant, on the ground that the complaint failed to state a claim upon which relief could be granted, in that both causes of action of said complaint were barred by the statute of limitations.

The complaint, filed on February 8, 1962, sought damages for malpractice arising out of an operation alleged to have been performed upon Mrs. Roybal on January 14, 1952. It was alleged that defendant negligently left a sponge in plaintiff's abdominal cavity which resulted in the necessity of further surgery on July 24, 1961. A second cause was by plaintiff-husband for damages for loss of consortium, services and medical expenses. The trial court dismissed both causes on the ground that they were barred by the statute of limitations.

The appeal raises two questions: (1) When does a cause of action accrue for personal injuries caused by leaving a foreign body in a surgical wound so as to start the running of the statute of limitations; and (2) can the defense of the statute of limitations be the basis of a motion to dismiss?

An action by a patient or the spouse of a patient against a physician and surgeon for injuries sustained by reason of the unskillful or negligent treatment by the physician or surgeon is an action sounding in tort for injuries to the person. Such an action is barred by the provision of § 23-1-8, N.M.S.A.1953, within three years of the date of accrual of the cause of action for the personal injury. Kilkenny v. Kenney, 68 N.M. 266, 361 P.2d 149.

Appellants contend that we should construe such a cause of action to accrue only upon discovery of the negligent act or omission causing the personal injury, or at the time when, by exercise of reasonable care, plaintiff should have discovered it. Appellee, on the contrary, points to the lack of a tolling provision in the statute and argues that the action accrued at the time of the wrongful act or omission.

Appellants rely for support of their position upon Huysman v. Kirsch, 6 Cal.2d 302, 57 P.2d 908; Bathke v. Rahn, 46 Cal. App.2d 694, 116 P.2d 640; Hotelling v. Walther, 169 Or. 559, 130 P.2d 944, 144 A.L.R. 205; and Burton v. Tribble, 189 Ark. 58, 70 S.W.2d 503. Those courts have concluded that a cause of action against a surgeon who negligently fails to remove a foreign body from a surgical wound accrues when the patient discovered or should have discovered such negligent action or omission.

The California court grounds its position upon the theory that the failure of the surgeon to remove the foreign body was continuing negligence and only ended with removal of such body, or that the operation performed by the surgeon is not complete until the wound has been closed and all appliances used in the operation have been removed. Other cases such as Burton v. Trimble, supra, and Hotelling v. Walther, supra, arrive at the same conclusion upon the theory that where the doctor continues to treat the patient after the operation there is a continuing tort until removal of the foreign body, or, as in Hotelling, completion of extraction of the tooth. There is no allegation in the instant case of continued treatment by the doctor. Those cases fixing accrual of the cause of action at the time of the last treatment are not in point under the facts here present.

It is said to be the general rule that the mere fact that plaintiff was not aware of the existence or extent of his injuries or his right of action for malpractice does not postpone the commencement of the statute of limitations. 74 A.L.R. 1317; 144 A.L.R. 209, 212; 80 A.L.R.2d 368.

■■ New Mexico, following the majority, has held that a cause of action for personal injuries for malpractice accrues at the time of the wrongful act causing the injury. Kilkenny v. Kenney, supra. Tolling of the period of the statute of limitations by reason of fraudulent concealment of the facts giving rise to the cause of action or mistake, within § 23–1–7, N.M.S.A.1953, was not alleged in the complaint and may not be urged on appeal. G O S Cattle Co. v. Bragaw's Heirs, 38 N.M. 105, 28 P.2d 529.

The hardship present in the instant case is not unlike that in Vukovich v. St. Louis, Rocky Mountain & Pacific Co., 40 N.M. 374, 60 P.2d 356, 357, and in Natseway v. Jojola, 56 N.M. 793, 251 P.2d 274, in many respects, where it was said:

" ' * * * But the fact that hardship may result can furnish no warrant for the courts to supply what the Legislature has omitted or to omit what it has inserted. * * * ' "

■ We cannot supply what the Legislature has omitted. We are convinced that if the Legislature had intended the principle of discovery to apply to tort actions, it would have specifically so provided, as it did with regard to discovery in cases of fraud and in actions for injuries to or conversion of property. Lindquist v. Mullen, 45 Wash. 2d 675, 277 P.2d 724.

■ It is contended that § 21–1–1(8) (c), N.M.S.A.1953, prohibits raising the defense of the statute of limitations by a motion to

dismiss and requires it to be affirmatively pled only by answer. We do not agree. This question is the topic of an extensive annotation in 61 A.L.R.2d 300, where it is said that the majority of cases considering it under the federal rules of civil procedure have held that it may be raised by motion to dismiss where it is clearly apparent on the face of the pleading that the action is barred. Anderson v. Linton, (7th Cir., 1949), 178 F.2d 304; Kincheloe v. Farmer, (7th Cir., 1954), 214 F.2d 604; Albrecht v. Indiana Harbor Belt R. Co., (7th Cir., 1949), 178 F.2d 577; Wilson v. Tromly, 404 Ill. 307, 89 N.E.2d 22; 61 A.L.R.2d 300 at 329. Furthermore, the above rule is consistent with the New Mexico cases in which demurrers grounded on the statute have been sustained. Griffith v. Humble, 46 N.M. 113, 122 P.2d 134.

It is clear from the face of the complaint that the injury, alleged to have occurred in 1952, was barred by the three-year statute of limitations when the action was filed in 1962. The defense of the statute of limitations was properly raised by the motion to dismiss.

Finding no error, the order appealed from is affirmed.

It is so ordered.

COMPTON, C. J., and CHAVEZ, J., concur.