526 P.2d 1300

**Joy S. CHISHOLM, Individually and Joy S. Chisholm, Rupert Larry Chisholm and Joy Ann Everhart, as the Heirs of the Estate of Rupert Chisholm, Deceased, Plaintiffs-Appellants,**

v.

**George B. SCOTT, Defendant and Third-Party Plaintiff-Appellee,**

v.

**James R. MILLER, LeRoy Rudolph and Herb Cox, Third-Party Defendants-Appellees.**

**No. 1301.**

Court of Appeals of New Mexico.

Sept. 18, 1974.

Hendley, J., filed dissenting opinion.

Edward T. Curran, Menig, Sager & Curran, Albuquerque, for plaintiffs-appellants.

Russell Moore, Keleher & McLeod, Albuquerque, for defendant and third-party plaintiff-appellee.

T. K. Campbell, Las Cruces, for third-party defendants-appellees.

OPINION

LOPEZ, Judge.

Plaintiffs appeal from an order of the district court dismissing their amended

complaint alleging that the defendants, certified public accountants, negligently prepared certain federal income tax returns, on the ground that the action was barred by the statute of limitations. We reverse.

The issue on appeal concerns the time from which the statute of limitations runs. The general statute § 23–1–1, N.M.S.A. 1953 (Vol. 5) reads as follows:

"23–1–1. *Limitation on time of bringing actions.*—The following suits or actions may be brought within the time hereinafter limited, respectively, after their causes accrue, and not afterwards, except when otherwise specially provided."

All parties agree that the applicable statute in this case is § 23–1–4, N.M.S.A.1953 (Vol. 5), and that the period of limitation is four years:

"23–1–4. *Accounts—Unwritten contracts—Injuries to property—Conversion—Fraud—Unspecified actions—Four-year limitation.*—Those founded upon accounts and unwritten contracts; those brought for injuries to property or for the conversion of personal property or for relief upon the ground of fraud, and all other actions not herein otherwise provided for and specified within four [4] years."

The facts disclose that Rupert Chisholm died in 1963 leaving his wife, Joy S., a daughter Joy Ann, and a son Rupert Larry. The deceased had been a partner in the Pioneer Construction Company. Sometime after his death, but in the same year, Joy S. Chisholm retained the services of the defendant Scott to prepare the federal income tax return for the partnership, her individual return and the return for the deceased's estate. The partnership return was filed on April 5, 1964.

The partnership owned a number of lots, a large number of which were sold during 1963, 1964, and 1965. The Internal Revenue Code, Title 26 U.S.C.A. §§ 743(b) and 754 (1964), provided that in case of the death of a partner, the partnership could elect to take a stepped-up value basis on the partnership property.

The code and regulations require that, to be valid, those elections be made in the partnership tax year in which the death of a partner occurs. The return prepared by defendants did not include this election. The income earned from the sale of lots was then computed on the stepped-up basis rather than on the original cost to the partnership. This resulted in an underpayment and the Internal Revenue Service sent notice of a deficiency assessment to plaintiffs on February 17, 1967.

Plaintiffs contend the statute of limitations commences to run at the time that the Internal Revenue Service gives notice of an assessment of tax deficiency, in this case February 17, 1967. They argue that defendants' failure to make the indicated tax elections did not give rise to an action for damages until injury was sustained as a result of the alleged negligence.

Defendants claim that the cause of action arose and the statute started to run when the 1963 partnership return was filed on April 5, 1964. They further contend that "[t]he present case involves the alleged malpractice or professional negligence of an accountant and is directly analogous to medical malpractice suits." Defendants argue that, therefore, as in medical malpractice cases, the statute of limitations begins to run from the date of the alleged negligent act or omission, citing Roybal v. White, 72 N.M. 285, 383 P.2d 250 (1963).

■ We do not agree that the professional negligence suit against an accountant is "directly analogous" to a professional negligence suit against a doctor. There are compelling reasons why they should be treated differently:

(1) *Roybal* was a personal injury case, alleging medical malpractice, and controlled by statute of limitations § 23–1–8, N.M.S.A.1953 (Vol. 5). In Spurlin v. Paul Brown Agency, Inc., 80 N.M. 306, 454 P.2d 963 (1969), our Supreme Court has held that the period of limitation in § 23–

1–4, supra, begins to run when the cause of action accrues; and there is no cause of action for negligence until there has been a resulting injury to the plaintiff. The injury to plaintiffs in this case was the assessment made by the Internal Revenue Service; and a taxpayer does not owe a tax deficiency until the IRS renders its assessment in written notice to the taxpayer. 26 U.S.C. § 6155(a) (1964).

(2) In medical malpractice cases, the evidence is generally gathered after the fact of injury or omission, often with difficulty. In a case of malpractice by a certified public accountant, the evidence is easily documented from the date of the negligent act or omission in the form of accounting records. The maximum possible time-lapse from the date of a negligent act or omission until the date of filing suit in such a case would be seven years: three years from the filing of the erroneous return until notification of the taxpayer by the IRS, 26 U.S.C. § 6501 (1964), and four years from that date, the time of injury, until suit might be filed, § 23–1–4, supra. During such a period, accountant records are readily available, as the transcript in this case indicates. In a medical malpractice situation, evidence can be lost and memories fade; but in accountant malpractice the evidence usually consists of documents which speak for themselves even when memories fade.

(3) In medical malpractice cases the injury occurs, and is often easily ascertained, at the time of the negligent act or omission. See Annot., 80 A.L.R.2d 368 (1961). In a tax deficiency situation, the injury occurs only when the party aggrieved receives notice by mail from the tax commissioner. See Annot., 26 A.L.R.3d 1438 (1969). See also, Annot., 18 A.L.R.3d 978 (1968). A person needs special training to know whether his tax return has been erroneously prepared. No special training is required to feel pain. In the relationship of accountant and client, the trust and confidence that the client places in the professional person places him in a vulnerable position should that trust and confidence be misplaced. It is the policy of the law to encourage that trust and confidence; likewise it is the duty of the law to protect the client from the negligent acts of the professional person.

California recognizes a distinction between the application of the statute to medical and other types of malpractice. In 1970 the California legislature placed a maximum limitation upon the bringing of a medical malpractice case of four years from the date of injury or one year after discovery, whichever occurs first. West's Ann.C.C.P. § 340.5. Case law in California, however, holds that the statute of limitations begins to run as to malpractice by a certified public accountant only after the date of injury, with no maximum placed upon the time of injury. Moonie v. Lynch, 256 Cal.App.2d 361, 64 Cal.Rptr. 55 (1967); cited with approval in Neel v. Magana et al., 6 Cal.3d 176, 98 Cal.Rptr. 837, 491 P.2d 421 (1971). For a general discussion of statutes of limitations as applied in various malpractice situations, see 28 Md.L.Rev. 47 (1968).

Within the limiting factors of this case, therefore, the statute may not be deemed to have run until four years after notice had been given by the IRS. The liability imposed by this notice becomes the injury which forms the plaintiffs' cause of action.

We therefore conclude that the cause of action in this case is not barred. The issues raised by the complaint are yet to be determined, and we offer no consideration of their merits. The order of dismissal of the lower court is hereby reversed with direction to the trial court to reinstate the case upon its docket and to proceed in a manner not inconsistent with this opinion.

It is so ordered.

HERNANDEZ, J., concurs.

HENDLEY, J., dissents.

HENDLEY, Judge (dissenting).

I respectfully dissent.

The issue to be determined on this appeal is the correct interpretation of § 23–1–1, N.M.S.A.1953:

"23–1–1. *Limitation on time of bringing actions.*—The following suits or actions may be brought within the time hereinafter limited, respectively, after their causes accrue, and not afterwards, except when otherwise specially provided."

The same statute governed the identical question in Roybal v. White, 72 N.M. 285, 383 P.2d 250 (1963), i. e. when does a cause of action accrue? The fact that the applicable statute in *Roybal* was § 23–1–8, N.M.S.A.1953 while in the instant case it is § 23–1–4, N.M.S.A.1953 is of no moment. The only relevant difference between the two is that § 23–1–8, supra, contains a three year limit while § 23–1–4, supra contains a four year limit. Further, the policy considerations in cases of medical malpractice are not dissimilar to those in cases of other types of professional malpractice. Firstly, most professionals are in a position of trust and confidence with respect to their clients. Secondly, the injury in most types of professional malpractice cases is often not ascertained until long after the negligent act or omission. See Annot., 80 A.L.R.2d 368 (1961).

In *Roybal* our Supreme Court held that the statute of limitations began to run at the time of the alleged wrongful act. The plaintiffs in *Roybal* urged upon the court, as do the plaintiffs here, the "discovery" rule. The court responded:

"We cannot supply what the Legislature has omitted. We are convinced that if the Legislature had intended the principle of discovery to apply to tort actions, it would have specifically so provided, as it did with regard to discovery in cases of fraud and in actions for injuries to or conversion of property. (citations omitted)."

See also § 23–1–7, N.M.S.A.1953, being one of the special provisions to which reference is made in § 23–1–1, supra.

The legislature has not yet seen fit to change the rule to one of "discovery" in cases other than those specifically enumerated in the statute at the time *Roybal* was decided. Nor has the Supreme Court altered the rule and we cannot. Alexander v. Delgado, 84 N.M. 717, 507 P.2d 778 (1973).

The negligence herein alleged by plaintiffs is the single, irrevocable act of the defendants' filing the 1963 tax return without taking advantage of certain optional elections. Likewise, in *Roybal* the alleged negligence was the single act of defendant's leaving a sponge in plaintiff's abdominal cavity. The two cases are thus distinguishable from E. O. Spurlin v. Paul Brown Agency, Inc., 80 N.M. 306, 454 P.2d 963 (1969), where the defendant was in continuous breach of its duty to furnish plaintiff with liabilitiy insurance from the time plaintiff requested it until the time plaintiff became liable to a third person.

In addition, the date of injury in *E. O. Spurlin* coincided with the date of discovery of injury. The same can neither be said of the instant case nor the *Roybal* case. The plaintiffs, here, have been injured since April of 1964. While it is true that a taxpayer does not have to pay a deficiency assessment until he received notice thereof, the deficiency notice is merely a procedural device designed to inform the taxpayer that he has owed taxes since their due date. Its purpose is so that he can properly take an orderly appeal. Mertens, Law of Federal Income Taxation, Vol. IX, Section 49.126. It is not a new assessment of taxes never owing. It is a notice that taxes are past due. Hence, interest and penalties may be added. 26 U.S.C. Section 6155(a). The plaintiffs have thus been injured since April, 1964.

I would therefore affirm the judgment below.