601 P.2d 66

**Beneranda JARAMILLO,
Plaintiff-Appellant,**

v.

**Ann Wilcox HOOD, Defendant-Appellee.**

**No. 12485.**

Supreme Court of New Mexico.

Sept. 5, 1979.

Rehearing Denied Sept. 24, 1979.

Toulouse, Krehbiel & DeLayo, Narciso Garcia, Jr., Albuquerque, for plaintiff-appellant.

Shaffer, Butt, Jones, Thornton & Dines, Jim Dines, Albuquerque, for defendant-appellee.

## OPINION

FEDERICI, Justice.

This case was certified to the Supreme Court pursuant to § 34–5–14(C)(2), N.M.S. A.1978 since it involved an issue of substantial public interest and the panel of the Court of Appeals to which the case had been assigned could not agree on a result. Three proposed opinions were submitted for review, adoption or modification. We adopt the result reached in the dissenting opinion written by Judge Sutin.

On May 20, 1977, plaintiff (appellant) sued defendant (appellee) for legal malpractice alleging that appellee was negligent in drafting a will for decedent as well as in seeing to its proper execution. Appellee moved to dismiss with prejudice and to strike allegations of the complaint. The trial court entered summary judgment for appellee on the ground that the action was barred by the applicable statute of limitations, § 37–1–4, N.M.S.A.1978. We affirm.

The following facts are undisputed. On April 28, 1967, appellee was employed by decedent to prepare a will in which appellant was named as a beneficiary. Appellant was also named executrix of decedent's estate in the will. Decedent died on October 6, 1967, and the will was admitted to probate on November 22, 1967. In the probate proceeding, another attorney entered his appearance, as co-counsel with appellee, on behalf of appellant on January 22, 1968. On March 26, 1969, appellee withdrew as counsel for appellant and another law firm entered its appearance as counsel for appellant. The order admitting the will to probate was set aside *nunc pro tunc* on April 14, 1969. On August 2, 1971, still another law firm entered an appearance on behalf of appellant. The will was denied probate on May 28, 1974.

Appellant filed her complaint in the malpractice action on May 20, 1977. In entering summary judgment for appellee the court stated: "The matters set forth in the complaint were ascertainable and discoverable and should have been ascertained and discovered prior to May 19, 1973, therefore the statute of limitations had run prior to filing of the complaint."

Appellant argues on appeal that her cause of action did not accrue until the will was denied probate on May 28, 1974, and therefore the four-year statute of limitations under § 37-1-4 had not run when she filed her action in May 1977. Appellee contends that the matters set forth in appellant's complaint were ascertainable and discoverable and therefore appellant's cause of action accrued more than four years prior to its filing.

The question of when a cause of action accrues against an attorney for malpractice is one of first impression in this jurisdiction. For cases discussing the question as to other professions *see Spurlin v. Paul Brown Agency, Inc.*, 80 N.M. 306, 454 P.2d 963 (1969); *Chisholm. v. Scott*, 86 N.M. 707, 526 P.2d 1300 (Ct.App.1974).

The authorities from other jurisdictions and statements by authors and commentators sustain the rule that the cause of action accrues when actual loss or damage results; that is, the occurrence of damage or loss marks the beginning of the period when the statute of limitations begins to run. *Budd v. Nixen*, 6 Cal.3d 195, 98 Cal.Rptr. 849, 491 P.2d 433 (1971); W. Prosser, Law of Torts, § 30 at 143 (4th ed. 1971); *Developments in the Law—Statutes of Limitations*, 63 Harv. L.Rev. 1177, 1200-01 (1950).

There is also authority for the rule or damage results, the statute of limitations does not begin to run until the matters complained of are ascertainable and discoverable by the injured persons. *See Neel v. Magana, Olney, Levy, Cathcart & Gelfand*, 6 Cal.3d 176, 98 Cal.Rptr. 837, 491 P.2d 421 (1971).

The harm or damage in this case arose at the time the testatrix died. However, the cause of action did not accrue until the harm or damage was ascertainable or discoverable. In this case appellant was in a position to ascertain or discover the harm or damage to her as a result of the alleged defect in the execution of the decedent's will each time she changed attorneys, and also at the time the court set aside the order admitting the will to probate. On January 22, 1968, an attorney entered an appearance as co-counsel, with appellee, for appellant. On March 26, 1969, appellant again changed attorneys in the probate proceeding. On April 14, 1969, the order admitting the will to probate was set aside. On August 2, 1971, another law firm entered an appearance in the probate proceeding.

If appellant had a cause of action against appellee it was ascertainable or discoverable more than four years before she filed her complaint in this action. Therefore, the four year statute of limitations provided for in § 37-1-4 had elapsed and appellant's complaint was properly dismissed.

The judgment of the trial court is affirmed.

IT IS SO ORDERED.

SOSA, C. J., and FELTER, J., concur.

EASLEY and PAYNE, JJ., dissenting.