**Muriel S. TONGE**

v.

**WATERVILLE REALTY CORP.**

v.

**Robert M. TONGE.**

Supreme Judicial Court of Maine.

Argued June 10, 1982.
Decided Aug. 9, 1982.

jecting party to meet such evidence.

Weeks, Hutchins, Frye, Welch & O'Donnell, Miles P. Frye (orally), Waterville, for plaintiff.

Daviau, Jabar & Batten, Joseph M. Jabar (orally), Waterville, for defendant.

Before McKUSICK, C. J., and GODFREY, ROBERTS, CARTER and VIOLETTE, JJ.

GODFREY, Justice.

Plaintiff Muriel Tonge appeals from a judgment for the defendant, Waterville Realty Corporation ["Waterville Realty"], entered in Superior Court, Kennebec County, after a jury-waived trial.[1] Plaintiff challenges the conclusion of the trial court that she failed to satisfy her burden of proving by a preponderance of evidence that defendant owed her a debt of $58,744.79. Finding no error, we affirm the judgment.

On July 2, 1980, Muriel Tonge filed a two-count complaint against Waterville Realty, claiming that the corporation owed her $58,744.79. Waterville Realty is a close, family corporation whose shareholders include the plaintiff Muriel Tonge, her father Donald Smith, her sister Lois Jones, her husband Robert Tonge, and her children and her sister's children. In Count I of the complaint, Mrs. Tonge alleged that Water-

1. This case was consolidated for trial in Superior Court with *Maine Mortgage Co. v. Tonge,* CV–80–253. The two cases were consolidated for appeal, and oral argument on the appeals was heard the same day. For clarity, we have issued separate opinions. 448 A.2d 899.

ville Realty had executed and delivered to her a promissory note, a copy of which was annexed to the complaint, that the amount due on the note was $58,744.79, and that the defendant had refused to pay on demand. In Count II, she averred that the corporate books of account evidenced the debt to her and again that the corporation had refused to pay her on demand. Waterville Realty denied the allegations and counterclaimed for certain funds already paid her. Waterville Realty also brought a third-party action against Robert Tonge, plaintiff's husband and former treasurer of the corporation, alleging that he had made improper payments to plaintiff.

At trial, Robert Tonge testified that both Mrs. Tonge and her sister, Lois Jones, had lent Waterville Realty substantial sums of money (approximately $34,000 each) in 1969 at the behest of their father, Donald Smith. Mr. Tonge was unable to explain precisely where his wife and her sister had obtained the money, other than probably from the sale of securities. According to Mr. Tonge, this debt had accumulated over the years at the interest rate of ten percent per annum. He claimed that corporate minutes verified that rate of interest, but he was unable to produce those records, claiming they were in the possession of Donald Smith, who did not testify.

Robert Tonge further testified that, as treasurer of Waterville Realty, he executed a promissory note in December, 1973, in which Waterville Realty promised to pay Muriel Tonge $42,891.88 on demand. He said he delivered the note to his wife as evidence of the underlying debt of Waterville Realty to his wife. He also said his wife needed the promissory note to serve as collateral for a bank loan. Tonge admitted that he had been given no express authorization by the board of directors and that the other shareholders were not necessarily aware of his action. Mr. Tonge said he assumed he had the inherent authority to execute the note and to make periodic payments of interest and principal on the debt. Though Tonge drafted similar notes evidencing corporate debt to his children, he did not give a similar note to Lois Jones—

though she was apparently a creditor of equal standing.

Norma Giroux, the bookkeeper for Waterville Realty, testified concerning periodic entries made in the corporate ledger which ostensibly evidenced the debt owed to Mrs. Tonge and Lois Jones. She said she had made the appropriate entries of principal and interest under the direction of either Donald Smith or Robert Tonge.

Through Mr. Tonge and Ms. Giroux, the promissory note, the ledger entries, yearly balance sheets showing as a liability the loans from Mrs. Tonge and Lois Jones, and yearly tax returns were introduced in evidence. Muriel Tonge did not testify, nor did any other director or shareholder of the corporation.

The trial justice concluded, after listening to and evaluating the evidence, that Mrs. Tonge had not proved by a preponderance of the evidence "that the indebtedness which she claims does exist or that she is otherwise entitled to the relief she seeks." The trial justice rejected the testimony of Mr. Tonge, finding that Tonge's explanation of the circumstances leading to the creation of the alleged debt was simply not credible. In evaluating Tonge's testimony the court found the following factors significant:

(a) the lack of any note, or other document between the parties recognizing the alleged debt, at the time that debt was created; (b) the apparently differing treatment of Muriel Tonge and Lois Jones in corporate record-keeping procedures although, allegedly, they had similar claims upon the corporate assets; (c) the sudden creation of a demand note by Mr. Tonge, the plaintiff's husband, many years after the debt obligation allegedly arose; (d) the lack of evidence that other corporate officials were aware of the demand note's creation or the special payments made to the plaintiff after execution of the note; and, (e) Mr. Tonge's glib manner while on the witness stand.

The court denied defendant's counterclaim and third-party claim on the ground that

they were not proved by a preponderance of the evidence. Defendant has not cross-appealed.

■ On appeal, plaintiff first contends that the trial justice committed clear error in rejecting as incredible the testimony of Robert Tonge concerning the existence of the debt. It is primarily for the factfinder to judge the credibility of witnesses and to consider the weight and significance of any other evidence. As such, this Court must give due regard to the trier of fact's determinations on credibility, weight and significance of evidence. M.R.Civ.P. 52(a); *Qualey v. Fulton*, Me., 422 A.2d 773, 775 (1980). In this case, the trial justice's articulated reasons for rejecting Tonge's testimony are reasonable and supported by the record. It cannot be held on appeal that the trial court erred in finding that testimony to be incredible.

■ Plaintiff next contends that she presented sufficient evidence to sustain her cause of action, even without Robert Tonge's testimony, arguing that the documentary evidence made out a prima facie case, citing *Holmes v. Vigue*, 133 Me. 50, 55, 173 A. 816, 818–19 (1934). That evidence—the ledger entries, promissory note, tax returns and balance sheets—were all prepared under the supervision of either Robert Tonge as corporate treasurer or Donald Smith, the plaintiff's father who did not testify. The trial justice did not articulate his reasons for finding that evidence unpersuasive or insufficient to satisfy plaintiff's burden of proof. Nor did plaintiff request the trial justice to make specific findings of fact. This Court must assume, therefore, that the presiding justice found for the defendants on all issues of fact necessary to his ultimate conclusion. *Harmon v. Emerson*, Me., 425 A.2d 978, 981 (1981).

■ We have examined carefully the documents plaintiff introduced in evidence as tending to support her claim. Without going into detail, suffice it to say that the trial court would not have acted unreasonably in deciding that those particular documents did not establish the origin or existence of the contested debt or independently corroborate Robert Tonge's testimony. Similarly, the trial court could have rationally found that Norma Giroux's testimony did not independently establish plaintiff's cause of action; she testified that she made certain entries in a certain record denominated as a "ledger," but she did not confirm the actual existence of the original debt. This Court cannot hold, as a matter of law, that the presiding justice erred in concluding that plaintiff had failed to satisfy her burden of proof.

The entry is:

Judgment affirmed.

All concurring.