MAINE MORTGAGE CO.

v.

Robert M. TONGE.

Supreme Judicial Court of Maine.

Argued June 10, 1982.

Decided Aug. 9, 1982.

Daviau, Jabar & Batten, Joseph M. Jabar (orally), Waterville, for plaintiff.

Weeks, Hutchins, Frye, Welch & O'Donnell, Miles P. Frye (orally), Waterville, for defendant.

Before McKUSICK, C. J., and GODFREY, ROBERTS, CARTER and VIOLETTE, JJ.

GODFREY, Justice.

In this appeal[1] from a judgment entered in Superior Court, Kennebec County, plaintiff Maine Mortgage Co. challenges the court's finding that defendant Robert M. Tonge did not owe plaintiff $3,390.00 for electricity expenses paid by it but incurred by Tonge while a tenant of Maine Mortgage. After a jury-waived trial, the court found that although a lease agreement entered into by the parties required Tonge to pay the cost of electricity, the parties through their course of dealing had agreed that Maine Mortgage Co. would pay for Tonge's electricity in return for his management of the building housing the leased office. We affirm the judgment.

Maine Mortgage Co. is a small corporation engaged in the business of renting apartments and office space. It was once owned by defendant Tonge and his father-in-law, Donald Smith, but for the past several years has been wholly owned by Smith. Tonge, doing business as an investment broker under the name of "R. M. Tonge Co.," leased office space from Maine Mortgage Co.

On December 1, 1974, Tonge (doing business as R. M. Tonge Co.) and Maine Mortgage Co. by Tonge as president, entered into a written lease agreement. One of the terms of the lease provided that Tonge, as tenant, would pay the costs of all electricity. The agreement also provided that upon termination of the lease, the tenant would pay for any expenses incurred in repairing the premises occasioned by the removal of significant fixtures. In 1979, Tonge relinquished all interest in Maine Mortgage Co. as part of a settlement agreement with

---

1. Oral argument in this case was heard on the same day as that for *Tonge v. Waterville Realty Corp.*, Me., 448 A.2d 902, Law–81–499. Both cases had been consolidated and tried together in Superior Court. For clarity, we have rendered a separate opinion in each case.

Donald Smith. Tonge continued to occupy the leased premises until January, 1980, when the lease was terminated by agreement and Tonge surrendered possession.

On May 5, 1980, Maine Mortgage Co. filed a complaint in Superior Court against Tonge seeking money for rent past due, damages for expenses incurred in restoring the premises to good condition, and reimbursement of $3,390 for electricity bills paid by Maine Mortgage. Tonge denied the allegations and pleaded affirmatively that the lease had been terminated pursuant to agreement, with the result that he was relieved of complying thereafter with its provisions.

At trial, Tonge verified the existence of the lease. Concerning the provision requiring him to pay for electricity, Tonge testified that his electricity bills were paid by Maine Mortgage Co. in consideration for his providing management services for Maine Mortgage. He said the practice had begun before the 1974 lease was entered into and continued until termination of the lease. Maine Mortgage presented no other evidence on the issue, relying primarily on the terms of the lease as proof of its case.

The Superior Court found that the parties had entered into a valid lease on December 1, 1974, and that a balance of $2,250 was due for unpaid rent. Though the lease required Tonge to pay all electricity expenses incurred, the court found as follows:

The electrical charges were paid by the plaintiff over a number of years as part of an agreed course of dealings between plaintiff and defendant through which the plaintiff agreed to pay the electrical charges in return for the defendant providing building management and management supervision services for the affairs of Maine Mortgage Company.

Accordingly, the Superior Court decided that Tonge was not liable for those bills. The court further found Tonge liable for some of the expenses incurred by Maine Mortgage in restoring the premises to rentable condition.[2]

■ On appeal, plaintiff first contends that defendant's failure to plead affirmatively the defense of modification of the terms of the written lease through the parties' subsequent course of dealing precluded the trial justice from basing his decision on that course of dealing. It is true that M.R. Civ.P. 8(c) provides that a responding party must set forth affirmatively any matter constituting an avoidance or affirmative defense.[3] In this case, however, plaintiff, though well aware of defendant's claim of modification, did not object at trial to defendant's failure to plead the claim affirmatively. Rule 15(b), M.R.Civ.P. provides that when issues not raised by the pleadings are tried by express or implied consent of the parties, they are to be treated in all respects as if they had been raised in the pleadings.[4]

2. No claims of error are premised on those findings.

3. M.R.Civ.P. 8(c) provides as follows:
   (c) *Affirmative Defenses.* In pleading to a preceding pleading, a party shall set forth affirmatively accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense. When a party has mistakenly designated a defense as a counterclaim or a counterclaim as a defense, the court on terms, if justice so requires, shall treat the pleading as if there had been a proper designation.

4. M.R.Civ.P. 15(b) in full provides:

(b) *Amendments to Conform to the Evidence.* When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits. The court

**902**

As Rule 15(b) makes clear, the fact that a defense, even an affirmative defense, has not been pleaded, is immaterial if the issue has been tried by express or implied consent. *See* 3 J. Moore, *Moore's Federal* Practice ¶ 15.13[2] (2d ed. 1982), commenting on the identical federal rule. Plaintiff's awareness of defendant's assertion and its failure to object or to demonstrate any resulting prejudice can be interpreted as implied consent to the defense, vitiating any claim of error on appeal. *See Terrio v. Millinocket Community Hosp.*, Me., 379 A.2d 135, 138–49 (1977).

Plaintiff next contends that it was "clearly erroneous for the court to ignore the specific terms of the lease regarding electricity charges in favor of an agreed course of dealings testified to by the same person who prepared and executed the lease in question." Plaintiff submits that if Maine Mortgage had agreed to pay for all electricity, Tonge as president of Maine Mortgage should have included such an agreement in the written lease.

The only witness who testified on the issue of electricity charges was Tonge. He admitted the existence of the lease agreement whereby he (as R. M. Tonge Co.) was required to pay for electricity. His testimony was also the only evidence of the course of dealings between Maine Mortgage, as a corporate entity, and R. M. Tonge Co. It is not disputed that Maine Mortgage paid all electrical bills; nor, apparently, is it disputed that Tonge provided management and supervision services for Maine Mortgage, such as rent collection and supervision of maintenance.

A binding integrated agreement discharges prior agreements to the extent that it is inconsistent with them. *See Interstate Indus. Uniform Rental Service, Inc. v. F. R. Lepage Bakery, Inc.*, Me., 413 A.2d 516, 519 (1980); 3 A. Corbin, *Contracts* § 573 (1960 & Supp.1980). But any contract may be modified by subsequent agreement of the parties as long as the new agreement itself complies with the requirements of a valid contract. 3 A. Corbin, *supra* at § 574.

Here, the course of dealings between the parties was found to have resulted in a subsequent implied agreement that, in effect, validly modified the original lease. In substance, the trial justice found on the evidence of record that Maine Mortgage had agreed after execution of the lease to pay Tonge's electricity bills in exchange for the provision of certain management services, and that when Tonge in fact rendered those services, he was discharged from his obligation under the lease to pay those bills. In the absence of any error of law, the trial court's findings, supported by competent evidence in the record, will not be disturbed on appeal.

No other issues appellant seeks to raise require the attention of this Court. Accordingly, the judgment of the Superior Court is affirmed.

The entry is:

Judgment affirmed.

All concurring.

---

may grant a continuance to enable the objecting party to meet such evidence.