SID'S, INC.

v.

## CONTINENTAL INSURANCE COMPANY.

Supreme Judicial Court of Maine.

Argued March 14, 1988.
Decided April 14, 1988.

Stanley W. Brown, Jr., Martin J. Crowe (orally), Brown & Crowe, Belfast, for plaintiff.

Marshall J. Tinkle (orally), Thompson, McNaboe, Ashley & Bull, Portland, for defendant.

Before McKUSICK, C.J., and NICHOLS, WATHEN, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

CLIFFORD, Justice.

The plaintiff, Sid's, Inc., appeals from a summary judgment in favor of defendant Continental Insurance Company entered in the Superior Court, Washington County.

Sid's is a Maine corporation carrying on a cargo transportation business out of Jonesport. The president of Sid's is Bert S. Look, III, who is also president of O.W. & B.S. Look Co. of Jonesport. The Look Co. serves as a buyer and seller of seafood.

Look Co. owns four trucks, which are leased to Sid's. In July 1985, one of the trucks leased to Sid's was transporting a shipment of live lobsters, clams and mussels owned by Look Co. from Montreal, Canada, to Toronto, when it was hijacked. The hijackers were apprehended and the truck recovered, but almost all of the cargo was missing, and apparently had been sold by the hijackers.

The relevant portion of the insurance agreement between Sid's and Continental reads as follows:

[T]his policy covers:

The legal liability of the Insured [Sid's] as a motor carrier, as such liability is

defined, limited and set forth in the bill of lading. . . .

Although Sid's had made no payment to Look Co. nor had Look Co. brought suit or made any formal claim against Sid's, Sid's made a claim against Continental for the value of the lost cargo. Continental rejected Sid's claim on the basis that there had been no determination that Sid's was legally liable for the loss under the terms of the insurance contract. Sid's then brought this action against Continental in the Superior Court, seeking to recover the amount of the lost cargo. Continental filed a motion for summary judgment under M.R.Civ.P. 56 which was later granted.

Summary judgment may be granted when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. M.R. Civ.P. 56(c). In an appeal from a grant of summary judgment, we view the evidence in the light most favorable to the party against whom judgment has been granted and review the Superior Court's conclusions for errors of law. *Philbrook v. Gates Formed–Fibre Products*, 536 A.2d 1118, 1119 (Me.1988).

The insurance agreement between Sid's and Continental provided that Continental would cover Sid's for any "legal liability" Sid's incurred as a motor carrier. Unlike other types of casualty policies insuring property, the express language of this insurance policy provides coverage only for legal liability. Any legal liability Sid's may have as a result of the hijacking cannot be finally determined unless a legal action has been commenced and a judgment entered against Sid's. *See Spurlin v. Paul Brown Agency, Inc.*, 80 N.M. 306, 454 P.2d 963, 964 (1969); *Insurance Co. of North Amer-*

*ica v. Ferrell,* 234 Ark. 581, 353 S.W.2d 353, 358 (1962). Here, not only had no judgment been entered, but no lawsuit had been filed nor demand of any kind been made against Sid's. Consequently, Sid's is under no legal liability and cannot recover damages under its policy with Continental, for whom summary judgment was properly entered.[1]

The entry is:

Judgment affirmed.

All concurring.

---

1. Continental also contends that the lease agreement between Sid's and Look Co., placing on Look Co. the responsibility for any loss or damage to cargo, demonstrates conclusively that Sid's cannot be held legally liable to Look Co. for the loss of that cargo. Sid's counters that contention with an affidavit of Bert S. Look and asserts that Sid's, by contracting with Continental for liability insurance, through a course of dealing nullified that lease provision under which Look Co. assumed all liability for lost cargo. *See Maine Mortgage Co. v. Tonge,* 448 A.2d 899, 902 (Me.1982). Sid's suggests that the purchase of insurance creates a genuine issue of material fact on whether the lease provision was altered by a course of dealing so as to withstand a Rule 56 motion for summary judgment. We need not decide whether Sid's has generated an issue of material fact on whether the lease between Sid's and Look Co. may have been altered by a course of conduct, since, in any event, Sid's has not demonstrated any legal liability to Look even if the lease provision were deemed to have been altered.