936 F.2d 1121
 Celso ZAMORA, Jr.; Aaron Zamora; Frank Nellans,
Plaintiffs-Appellants and Cross-Appellees,
v.
PREMATIC SERVICE CORPORATION, Defendant-Appellee and Cross-Appellant,
Farmers Insurance Company of Arizona; Farmers Group, Inc.;
and Lester Cowdrey, Defendants.
 Nos. 90-2047, 90-2068.
 United States Court of Appeals,
Tenth Circuit.
 June 21, 1991.
 
 Frederick H. Sherman of Sherman & Sherman, Deming, N.M. (Paul L. Biderman, Santa Fe, N.M., with him on the briefs), for plaintiffs-appellants and cross-appellees.
 Roberto C. Armijo of Civerolo, Hansen & Wolf, P.A., Albuquerque, N.M., for defendant-appellee and cross-appellant.
 Before MOORE and BRORBY, Circuit Judges, and VAN BEBBER,* District Judge.
 BRORBY, Circuit Judge.
 
 
 1
 In this diversity case Celso Zamora, Jr. ("Zamora") sued Prematic Service Corporation ("Prematic") for breach of contract and received a favorable jury verdict. Zamora appeals asserting the trial judge improperly limited damages. Prematic also appeals asserting it has no liability.
 
 
 2
 Zamora purchased an automobile liability insurance policy in June 1979. The liability limit of this policy was $15,000. Zamora and Prematic entered into a written agreement. The gist of this agreement was that Zamora would pay a deposit equal to two monthly premium payments and one month's Prematic service charge. Thereafter Zamora was to make a monthly payment equal to the premium due the insurance carrier plus Prematic's monthly service charge. Prematic then agreed to make the monthly payment to the insurer. Zamora paid $144 and was told by the insurance agent he had no further payment obligations until he received a bill from Prematic. Zamora did not receive the actual policy until three months later. The policy upon its face stated it would expire in December 1979.
 
 
 3
 In June 1980, Zamora's brother, who would have been insured under the policy, injured Nellans while driving the pickup. When Zamora reported the accident to his insurance agent, he learned the liability policy had been canceled for nonpayment. In February 1981, Nellans sued both Zamoras, and a judgment of approximately $321,000 was entered solely against Zamora's brother in August 1983. Zamora sued the insurer in 1984. The trial court held the insurer had fulfilled its obligations to provide notice of the policy's lapse, as the policy stated on its face that it expired in December 1979. Summary judgment was granted in favor of the insurer.
 
 
 4
 The Zamoras assigned their rights against Prematic to Nellans, and in July 1987 this action was commenced against Prematic, the insurer, and the insurance agent. The complaint alleged the defendants violated several New Mexico statutes and also alleged a breach of the covenant of good faith. The trial court held all claims except one were barred by the applicable statute of limitations. The court stated, "[t]he only claim not barred by the statute of limitations is the contract claim against Prematic Service[ ] Corporation for failure to indemnify pursuant to a financing agreement." Prematic unsuccessfully argued this claim was barred by the statute of limitations. The case was tried to a jury with Zamora submitting evidence showing Prematic failed to bill and Prematic submitting evidence showing it had billed. The trial court instructed the jury Zamora's damages could not exceed $15,000, which was the liability limit of the policy purchased by Zamora, plus attorney's fees and damages to Zamora's auto that would have been included under the policy. The jury found in favor of Zamora.
 
 
 5
 * Statute of Limitations
 
 
 6
 As the jurisdiction of the district court was based upon diversity of citizenship, we apply the law of the forum, which in this case is New Mexico. The applicable New Mexico statute, N.M.Stat.Ann. Secs. 37-1-1, 37-1-3 (1978), provides that an action upon a written contract must be filed no later than six years "after their causes accrue."
 
 
 7
 The district court held Zamora's claim accrued on August 2, 1983, which was the date Nellans's judgment against Zamora's brother was entered. The trial court reasoned this was the date of the injury. Prematic contends the latest accrual date was the date Nellans filed his action against the Zamoras, which was February 1981. We agree.
 
 
 8
 In Spurlin v. Paul Brown Agency, Inc., 80 N.M. 306, 454 P.2d 963 (1969), the Supreme Court of New Mexico held that a cause of action against an insurance agent for negligently failing to obtain coverage accrued when suit was brought against the prospective insured. 454 P.2d at 964. The competing theories of accrual under the negligence statute of limitations were the date of the accident and the date suit was commenced or, at the latest, the date on which the prospective insured learned he was not insured. Id. In deciding this issue, the court stated:
 
 
 9
 Liability insurance does not purport to provide compensation for injuries, but only to protect the insured against legal liability.... The cause of action arising out of the negligent failure to obtain liability coverage could only accrue when legal liability materialized ... when the ... suit was filed, and this only because a policy of insurance ... would have provided for the insurance company to furnish a defense. Otherwise the loss would have accrued only after judgment had been entered....
 
 
 10
 Id. (citations omitted). In the case before us the policy would have provided a defense to the Nellans suit. Zamora learned his insurance coverage had been terminated when he called to report the accident in June 1980. Both Zamora and his brother knew they were exposed to legal liability when Nellans filed his complaint in February 1981. Both Zamora and his brother knew the insurer would not defend. Both then knew Prematic had breached its contract and that they were injured as a result of Prematic's breach.
 
 
 11
 Zamora argues that the amount of damage arising from Prematic's breach of contract was not known and could not be determined until the Nellans judgment was final. Zamora cites Torrez v. State Farm Mut. Auto. Ins. Co., 705 F.2d 1192 (10th Cir.1982), wherein we held, under New Mexico law, that a cause of action for a bad faith claim against an insurer did not accrue until the judgment was final. "Only then could [the tortfeasor's] right against [the insurer] for ... excess liability be perfected.... It was only then that the excess liability was established." Id. at 1202. Zamora argues the same circumstances exist here.
 
 
 12
 We distinguish Torrez as it involved a claim against an insurer for a bad faith refusal to settle a claim for the policy limits, which resulted in a judgment against the insured above the policy limits. Id. at 1194. The insured would not have known that insurer's actions were wrong and that liability existed for the excess until the jury rendered its verdict. Torrez did not turn on the issue of ascertainment of damages but rather upon ascertainment of liability in excess of policy limits. Id. at 1202.
 
 
 13
 We have reviewed the New Mexico cases cited by the parties concerning the various New Mexico statutes of limitations. The common thread running through these decisions is that a cause of action accrues, for the purpose of the statutes of limitations, from the injury rather than the wrongful act. Cf. Roybal v. White, 72 N.M. 285, 383 P.2d 250 (1963). See Spurlin, 454 P.2d at 964 (policy which defendant failed to furnish would have provided for defense of suit; therefore, cause of action arose when suit filed--not when accident occurred); Chisholm v. Scott, 86 N.M. 707, 526 P.2d 1300 (N.M.Ct.App.1974) (cause of action against an accountant for negligent preparation of a tax return was held to accrue only after the receipt of deficiency assessment from the IRS).
 
 
 14
 The parties have cited no New Mexico cases or other law dealing with the effect the non-ascertainment of damages may play with the running of the statute of limitations. Zamora argues that Chisholm stands for the proposition that a cause of action does not accrue until the amount of liability has been determined. In Chisholm the New Mexico court grounded its decision on the ascertainment of an injury which was the IRS assessment. 526 P.2d at 1302. Chisholm does not turn upon knowing the extent of the injury but only upon ascertaining the fact of injury.
 
 
 15
 It is axiomatic in contract actions that a cause of action accrues at the time of the breach. Smith v. Galio, 95 N.M. 4, 617 P.2d 1325, 1327 (N.M.Ct.App.1980). New Mexico has refined this rule by holding the cause of action accrues at the time of injury. We do not believe the New Mexico courts would further refine this rule by requiring not only the fact of the injury but also knowledge of the specific and final amount of damages. Zamora has cited no cases wherein a court has specifically required absolute knowledge of damages being necessary to commence the operation of a statute of limitations. Where a contract of indemnity contains a promise to make specified payments, an immediate right of action accrues upon the failure of the indemnitor to perform, regardless of whether actual damages have been sustained. We believe New Mexico would follow this rule.
 
 
 16
 In the case before us Prematic breached the contract in 1979 when it failed to bill the insurance premiums. Zamora had knowledge of this breach when it learned from the insurer that the auto liability policy had been cancelled and the insurer would neither defend nor indemnify against loss or pay for the damages to Zamora's policy. Zamora learned of this breach on the date of the accident, June 8, 1980. Zamora also knew his pickup had been damaged on the day of the accident, which gave to Zamora knowledge that he was injured. Zamora hired an attorney after learning of Prematic's breach, and this attorney also defended the Nellans suit. Zamora therefore knew, no later than the commencement of the Nellans suit on February 17, 1981, that Prematic had breached its contract and that he would suffer additional injury as a result although he did not then know the full extent of the injury he would suffer. This occurrence was the latest that would have commenced the running of the six-year contract statute of limitations. Therefore, Zamora had to commence his breach of contract action against Prematic no later than February 17, 1987. Zamora commenced this action on July 16, 1987. This action was therefore barred by the New Mexico statute of limitations.
 
 II
 
 17
 Zamora argues that the New Mexico statutes (Unfair Practices Act, Insurance Premium Financing Act, and Unfair Insurance Practices Act) and the covenant of good faith, were all incorporated into the contract by law and "therefore should have been considered along with [Zamora's] other breach of contract claims." Our holding makes disposition of this claim unnecessary. We will note these claims were contained as separate counts in Zamora's complaint. The trial court ruled these claims barred for various reasons in addition to the statute of limitations in an order granting partial summary judgment. Zamora has not appealed this ruling and we do not address it.
 
 
 18
 The judgment of the district court is REVERSED. This matter is remanded to the district court for the purpose of vacating the judgment entered herein and for such other purposes as may be consistent with this opinion.
 
 
 
 *
 The Honorable G. Thomas Van Bebber, United States District Judge for the District of Kansas, sitting by designation